ROBERT K. WEINBERG (SBN 102135)
LAW OFFICE OF ROBERT K. WEINBERG
19200 Von Karman Avenue, Suite 380
Irvine, California 92612
Telephone: (949) 474-9700
Facsimile: (949) 474-8024

Attorney for OMID MOGHADAM

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> vs. <br><br> OMID MOGHADAM, <br><br> DEFENDANT. | Case No. 5:19-cr-00152-SVW <br> Hon. Stephen V. Wilson <br><br> **DEFENDANT OMID MOGHADAM'S SENTENCING POSITION BRIEF** <br><br> DATE:      Jan. 27, 2020 <br> TIME:      11:00 a.m. <br> PLACE:     Courtroom 10A <br> United States District Court <br> 350 W. 1st Street <br> Los Angeles, California 90012 |

Defendant Omid Moghadam hereby submits the following Sentencing Position Brief setting forth factors for the Court's consideration in its determination of what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

///

# I. INTRODUCTION

On October 24, 2017, Mr. Moghadam pled to one felony count in violation of the California Penal Code, section 422 (criminal threats) in the Superior Court of California, County of Orange. On July 27, 2018, the court suspended imposition of sentence and placed Mr. Moghadam on three years formal probation.

On January 28, 2019, Mr. Moghadam was stopped by the California Highway Patrol. Upon a search of the vehicle Mr. Moghadam was driving, the officer found 284 rounds of 9mm Luger caliber ammunition manufactured outside the state of California. No firearm[1] was found in the vehicle. Mr. Moghadam was thereafter taken into custody because the possession of the ammunition was a violation of his state probation.

On Orange County Superior Court order, he remained remanded to the custody of the sheriff until his arraignment on the probation violation, which was held on February 7, 2019. On that date, the Superior Court for the County of Orange ordered Mr. Moghadam's probation revoked and remanded him to the custody of the Sheriff without bail. On February 14, 2019, the superior court ordered Mr. Moghadam's probation reinstated and modified as to the underlying conviction to a term of 180 days in Orange County Jail with credit for time served (36 days[2]).

///

_____

[1] A partially completed AR-15 style rifle was located in the vehicle.

[2] On November 10, 2015, Mr. Moghadam was taken into state custody on the underlying felony; he was released on bail November 26, 2015. After his arrest on the probation violation (January 28, 2019) he was held in custody until sentencing on February 14, 2019.

On April 24, 2019, while Mr. Moghadam was serving his sentence in Orange County Jail, a criminal complaint was filed against him in the United States District Court for the Central District of California alleging one violation of 18 U.S.C. §922(g)(1), to wit, Felon in Possession of Ammunition. Mr. Moghadam remained in the custody of the Orange County sheriff until April 29, 2019, when he was remanded to the custody of the U.S. Marshall. He remains in the custody the U.S. Marshall.

An indictment alleging violation of 18 U.S.C. §922(g)(1) was filed in this Court against Mr. Moghadam on May 3, 2019, with a first superseding indictment filed on August 23, 2019.    Mr. Moghadam entered into a plea agreement with the United States Attorney's Office for the Central District of California ("USAO"), as filed in this Court on September 16, 2019 ("Plea Agreement"), to which he pled guilty to the one count superseding indictment charging him with Felon in Possession of Ammunition pursuant to 18 U.S.C. § 922(g)(1).

Pursuant to the Plea Agreement, the USAO agreed to recommend Mr. Moghadam receive  a downward departure in his custodial sentence in an amount equal to the  time he served in state custody on the probation violation and to recommend a two-level reduction pursuant to U.S.S.G. §3E1.1 provided Mr. Moghadam demonstrates an acceptance of responsibility and an additional one-level reduction if available under section 3E1.1. Plea Agreement, ¶3. The parties did not otherwise agree to an appropriate sentence or the applicable Sentencing Guideline factors. Id. ¶11. The statutory maximum term of imprisonment for the

///

instant offense is 10 years' imprisonment, a three-year period of supervised release, and a fine of $250,000.

The United States Probation Officer ("USPO") assigned a Base Offense Level of 20 (USSG §2K2.1) with no adjustments. Presentence Investigation Report ("PSR"), p. 3. To the Adjusted Offense Level of 20, the USPO reduced the level by 3 for acceptance of responsibility for a Total Offense Level of 17. *Id.* The USPO assigned a criminal history category of III. *Id.*, pp. 3, 8-9. Based on a total offense level of 17, and a criminal history category III, the USPO calculated a presumptive guideline range of 30 to 37 months, with 1 to 3 years of supervised release. *Id.* at p. 3. USPO recommends a sentence on the high end of the range at 37 months. U.S. Prob. Dep't Sent. Rec., October 23, 2019 at p. 1.

"The Guidelines are the starting point and initial benchmark but are not the only consideration." *Gall v. United States*, 552 U.S. 38, 49 (2007). "The district court may not presume that the Guidelines range is reasonable," but, instead, must "make an individualized determination based on the facts." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*en banc*), internal citations omitted.

As discussed below, Mr. Moghadam submits that an individualized consideration of the facts supports the imposition of a sentence below that recommended by the Government. Specifically, Mr. Moghadam urges the Court to depart downward based on a finding that the Criminal History Category of III misstates and/or overstates his Criminal History Category. The USPO has assigned Mr. Moghadam 4 criminal history points. Criminal history points between 4 and 6 place a defendant in

DEFENDANT'S SENTENCING POSTION BRIEF

Criminal History Category III.  Mr. Moghadam's Criminal History Category is more plausibly assigned to Category II.

Mr. Moghadam also requests this Court apply the 2-level offense reduction for his acceptance of responsibility.  The Guidelines make clear that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which [the defendant] is accountable under § 1B1.3 . . . will constitute significant evidence of acceptance of responsibility . . . ." U.S.S.G. § 3E1.1, cmt. (n. 3).

Mr. Moghadam further requests this Court grant a downward departure in his custodial sentence accounting for the 180 days he served in state custody on the probation violation.

## II. DEPARTURES

### A. THE 180-DAY STATE SENTENCE WAS NOT A "PRIOR SENTENCE" AND THEREFORE SHOULD NOT BE CALCULATED IN MR. MOGHADAM'S CRIMINAL HISTORY POINTS.

Pursuant to USSG §4A1.1(b), 4A1.2(e)(2), and 4A1.2(k), the USPO assigned 2 points to Mr. Moghadam's criminal history category in reference to Mr. Moghadam's July 26, 2018 conviction for violation of Penal Code section 422(a). PSR ¶36.

USSG section 4A1.1 provides, as pertinent here, that 2 points are the be added for each *prior sentence* of imprisonment between 60 days up to one year and one month. USSG §4A1.1(a), (b). USSG section 4A1.2(e)(2) provides that applicable time period for imposing two points pursuant to section 4A1.1(b) is when that sentence

commenced within ten years of the instant offense. Finally, the USPO asserts the authority for the two points pursuant to section 4A1.2(k), which provides that "[i]n the case of a prior revocation of probation . . . add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for §4A1.1(a), (b), or (c), as applicable." USSG §4A1.2(k).

A prior sentence of imprisonment is defined as "a sentence of incarceration and refers to the maximum sentence imposed." USSG §4A1.2(b)(1)). "If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended." USSG §4A1.2(b)(1). In Mr. Moghadam's case, the state court did not impose any sentence of imprisonment[3] on Mr. Moghadam's Penal Code section 422 conviction. The court placed him on three years' formal probation with conditions, one of which was "violate no law." Because he was convicted of a felony in the California Penal Code section 422 case, he was prohibited from possessing the ammunition found in his vehicle under California Penal Code section 30305(a)(1) and 18 U.S.C. §922(g)(1). It was his conduct in the instant offense that was the violation of a condition of his probation (i.e., violate no law).

Due to the probation violation, the state court ordered a revocation of probation following his arrest on the instant offense and the reinstated probation modified as to his Penal Code section 422 conviction to serve 180 days in county jail. Ex. A, Orange

---

[3] "Imposition of sentence is suspended and defendant is placed on 3 year(s) formal probation . . . ." Ex. A, Orange County Superior Court, Case # 15HF0707   , Register of Actions, entry July 27, 2018.

County Superior Court, Case # 15HF0707 Register of Actions, entries dated February 7, 2019 and February 14, 2019.

Mr. Moghadam does not disagree that even though imposition of his sentence on the Penal Code section 422 conviction was suspended at sentencing, the 180-day sentence he later received for violating a condition of his probation may be included in the calculation pursuant to section 4A1.2(k).  However, the 180-day sentence cannot be applied to USSG §4A1.1(b) because it does not qualify as a prior sentence. The 180-day sentence is not a prior sentence because it was for conduct that was part of the instant offense. Since the violation of his probation was for the instant offense, the 180-day sentence imposed for violation of probation was solely a consequence of this offense.

> *"Prior sentence"* means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. *See* §4A1.2(a).  A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct *other than conduct that was part of the instant offense.* Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct).

USSG §4A1.2, comment. (n.1), emphasis added.

"The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt. . . for conduct not part of the

instant offense." §4A1.2(a). The salient question is: Was the 180-day sentence imposed after violating the terms of his probation for conduct that was part of the instant offense, i.e., relevant conduct? Commentary to §4A1.1 references §1B1.3 for guidance on "relevant conduct" as it applies to a prior sentence. USSG 4A1.1, comment. (n.1).

Section 1B1.3 explains that conduct associated with a sentence imposed after a defendant commenced the instant offense may be considered relevant conduct to the instant offense if it qualifies under subsection (a)(2) as conduct outside of the offense of conviction the court must consider ("expanded relevant conduct"). USSG §1B1.3, comment. (n.5(C)).

That comment illustrates:

> The defendant engaged in two cocaine sales constituting part of the same course of conduct or common scheme or plan. Subsequently, he is arrested by state authorities for the first sale and by federal authorities for the second sale. He is convicted in state court for the first sale and sentenced to imprisonment; he is then convicted in federal court for the second sale. In this case, the cocaine sales are not separated by an intervening sentence. Therefore, under subsection (a)(2), the cocaine sale associated with the state conviction is considered as relevant conduct to the instant federal offense. The state prison sentence for that sale is *not counted* as a prior sentence; see §4A1.2(a)(1).

USSG §1B1.3, comment. (n.5(C)), emphasis added.

On the other hand:

> The defendant was convicted for the sale of cocaine and sentenced to state prison. Immediately upon release from prison, he again sold cocaine to the same person, using the same accomplices and modus operandi. The instant federal offense (the offense of conviction) charges this latter sale. In this example, the offense conduct relevant to the state prison sentence is considered as prior criminal history, not as part of the same course of conduct or common scheme or plan as the offense of conviction.

*Ibid.*

Here, the violation of his state probation that resulted in the 2 point calculation pursuant to §4A1.1(b) was for exactly the same conduct that resulted in the instant offense. Indeed, but for the violation of 18 U.S.C. §922(g)(1), Mr. Moghadam would not have received the 180-day state sentence at all.

The USSG Primer on Relevant Conduct explains in the section titled, "How is relevant conduct distinguished from a defendant's prior criminal history?" as follows:

> A sentence that was imposed both (1) after the commencement of the instant offense by the defendant (but before sentencing for the instant offense); and (2) for conduct that was relevant conduct to the instant offense is not counted for

> purposes of criminal history.   See §4A1.2,
> comment. (n.1).   See, e.g., *United States v.*
> *Robinson,* 744 F.3d 293, 300-01 (4th Cir. 2014).

United States Sentencing Commission Primer, Relevant Conduct, February 2019, p. 12.

This is further illuminated in *United States v. Robinson*:

> Relevant conduct encompasses acts "that occurred during the commission of the offense of conviction [or] in preparation for that offense," including conduct resulting in a separate criminal conviction. [USSG] § 1B1.3(a)(1).
>
> In addition to establishing the defendant's offense level in light of all relevant conduct, a sentencing court must separately calculate the defendant's criminal history score based in part on his "prior sentence[s]." Id. § 4A1.1. The Guidelines exclude from the definition of "prior sentences" any sentence resulting from conduct that constitutes "relevant conduct" to the current offense. Id. § 4A1.2 cmt.1. Thus, if an offense qualifies as relevant conduct for offense-level purposes, it cannot also yield a prior sentence for criminal-history purposes.

*Robinson,* 744 F.3d at 300.

In the case at bar, the probation sentence was imposed prior to this sentencing and the probation sentence was imposed for

conduct that was the same conduct as the instant offense. Therefore, the 180-day sentence imposed by the state court does not count as a prior sentence.

### B. CRIMINAL CATEGORY III IS AN OVERSTATEMENT OF MR. MOGHADAM'S CRIMINAL HISTORY.

USSG §4A1.3(b) provides for downward departures "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history . . ., a downward departure may be warranted." USSG §4A1.3(b)(1). None of prohibitions or limitations to §4A1.3(b) apply here; therefore, the Court is free to consider this departure.

> "To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated a felony or misdemeanor. In recognition of the imperfection of this measure however, §4A1.3 authorizes the court to depart from the otherwise applicable criminal history category in certain circumstances."

USSG 4A1.A, comments. (backg'd)

Mr. Moghadam has no other criminal convictions except the Penal Code section 422 conviction, for which he was on probation and which ultimately precipitated the instant charge. As discussed above, he was not sentenced to any term of incarceration until he violated the probation order for the instant offense. Thus, the four

///

criminal history points assigned by the USPO all stem from this one offense.

Mr. Moghadam requests the Court consider that although he was charged with a felony violation of Penal Code section 422, this offense is a California "wobbler," meaning it can be charged as a felony or a misdemeanor. At sentencing, the state court entertained the possibility of reducing this conviction (pursuant to Penal Code §17(b)) at a later date. Ex. A, Orange County Superior Court, Case # 15HF0707 Register of Actions , entry dated 7/27/19 at line 49. This is in not meant to diminish the nature of the criminal threats conviction, but to make note that it is only because of this one conviction on a wobbler offense and his subsequent violation of probation on that conviction that puts him in criminal history category III.

Mr. Moghadam's criminal history points place him in a category that significantly increases the Guideline punishment range. The Sentencing Commission recognized that the Guidelines might not always account for cases like this one, and therefore designed § 4A1.3 to address situations where the defendant's slight criminal history places the defendant in a criminal history category usually reserved for those with substantially more serious criminal histories. Mr. Moghadam respectfully requests the Court depart below the applicable guideline range pursuant to this section.

**C. MR. MOGHADAM SERVED 180 DAYS IN STATE CUSTODY FOR HIS PROBATION VIOLATION BEFORE BEING TRANSFERRED TO FEDERAL CUSTODY ON THIS OFFENSE.**

///

Pursuant to the Plea Agreement, the USAO agreed to recommend Mr. Moghadam receive a "downward departure in his custodial sentence in an amount equal to the time he served in state custody on the probation violation for the conduct involved in the instant offense." (Plea Agreement ¶3.c.) Mr. Moghadam requests the Court grant this downward departure.

As discussed above, his arrest and state incarceration originated in the instant offense conduct. Mr.  Moghadam  was arrested on the state probation violation and taken into custody by the California Highway Patrol on January 28, 2019. He remained in the custody of state authorities until April 29, 2019 when he was remanded to the custody of the U.S. Marshall. With earned credits, he served 180 days in state custody.

### III. VARIANCES

After consideration of relevant departure provisions, the Court may then consider a variance outside the guideline range. *Gall*, 552 U. S. at 49. "A 'departure' is a divergence from the originally calculated sentence range based on a specific Guidelines departure provision, whereas a 'variance' is a divergence from the Guidelines range based on an exercise of the Court's discretion under § 3553(a). [Citation.]" *United States v. Guzman*, 176 F. Supp. 3d 1012, 1020 (D. Or. 2015). "[D]eparture precedent does not bind district courts with respect to variance decisions, it is merely persuasive authority." *United States v. Chase*, 560 F.3d 828, 832 (8th Cir.2009).

Section 3553(a) factors for the Court's consideration include Mr. Moghadam's History and Character and the nature of the offense (18 U.S.C. 3553(a)(1).) Section 3553(a)(1) is a broad command to consider "the nature and circumstances of the offense

1  and the history and characteristics of the defendant." 18 U.S.C. §
2  3553(a)(1). "It has been uniform and constant in the federal judicial
3  tradition for the sentencing judge to consider every convicted person
4  as an individual and every case as a unique study in the human
5  failings that sometimes mitigate, sometimes magnify, the crime and
6  the punishment to ensue." *Koon* v. *United States*, 518 U. S. 81, 113
7  (1996).

8      Mr. Moghadam, who is 30 years of age, has struggled with
9  episodes of anger. He was a victim of emotional and physical child
10  abuse and a dysfunctional upbringing. He learned to use anger and
11  hostility to defend himself from his own vulnerability. (Ex. B
12  Thomas Bell Treatment Summary dated 12/9/2017.). He was
13  abandoned by his mother, whom he has not seen since he was an
14  infant and was raised by his abusive father. Later, when he was a
15  teenager, he was left in the care of his paternal grandmother and
16  aunt after his father remarried.

17      Mr. Moghadam attended Claremont High School but dropped
18  out in 2008. Approximately 10 years later he obtained his GED. He
19  has experience in computer programming, a skill he enjoys. Mr.
20  Moghadam continues to avail himself of education courses and
21  parenting classes at Metropolitan Detention Center. He has formerly
22  been employed in various computer/IT-related jobs and as a
23  security officer.  In 2014, Mr. Moghadam married a United States
24  Army veteran. Together they have three young children. His aunt
25  currently has custody of the children. His children need a father.

26      The conduct that led to his California arrest and conviction for
27  criminal threats was a manifestation of his insecurities masked by
28  aggression and anger. Following his arrest, he entered weekly

psychological services and an Anger Management Program, which he faithfully and successfully completed. Despite his efforts, it took many sessions with a therapist, Thomas Bell, MS, MFT, to gain any insight into his behavior. (Ex. B Thomas Bell Treatment Summary dated 12/9/2017.) Mr. Bell noted that his behavior and anger moderated but a disruption in his family relationship seemed to set him back. However, his therapist remarked that he was like a small dog that barked at anything larger than him, with a bark that was bigger than his bite. Notably, Mr. Bell feels even now that Mr. Moghadam is amenable to change and could benefit from further counseling. His therapist also noted that he "did not discover any place where he actually hurt anyone physically." (Ex. C, Thomas Bell letter dated July 24, 2019, p. 2.)

Prior to his incarceration, Mr. Moghadam had been an active member of the Jewish community in Irvine. Rabbi Yisroel Ciner of Beth Jacob Congregation, who has known Mr. Moghadam for six years echoed Mr. Bell's words that Mr. Moghadam's bark is bigger than his bite, when he wrote that although Mr. Moghadam has let his anger get the best of him, he has every reason to believe that Mr. Moghadam would never cause harm to others. (Ex. D, Rabbi Yisroel Ciner letter to this Court, dated December 22, 2019.) Rabbi Ciner believes that Mr. Moghadam has some growing up to do, but also believes that Mr. Moghadam recognizes this and endeavors to take the right path. (*Id.*)

## IV. CONCLUSION

Mr. Moghadam has been in federal custody since April 29, 2019 awaiting resolution of the instant single charge of 18 U.S.C.
///

922(g). He has served an additional 180 days for the identical conduct previous to his transfer to federal custody.

His remorse is demonstrable. This Court is urged to sentence him to a term reflecting credit for time served, with terms and conditions of probation as recommended by the PSR.

He has paid a heavy price.


Dated ___1/9___, 2020                    Respectfully submitted,


                                         Robert K. Weinberg
                                         Attorney for Omid Moghadam

# EXHIBIT A

# Case Summary

| | |
|---|---|
| **Case Number:** | 15HF0707 |
| **OC Pay Number:** | 8544155 |
| **Originating Court:** | Harbor - Newport Beach Facility |
| **Defendant:** | Moghadam, Omid Taghizadeh |

**Demographics:**

| | | |
|---|---|---|
| | Sex: | Male |
| | Eyes: | Brown |
| | Hair: | Black |
| | Height(ft/in) : | 6'3" |
| | Weight (lbs): | 200 |
| | Race: | White |
| | Address: | |

**Identifiers:**

| | Type | ID# |
|---|---|---|
| | CII | A34415583 |
| | FBI | 404952AH5 |
| | Driver's License | XXXXXXXXX |
| | Social Security Number | XXX-XX-2139 |

**Names:**

| | Last Name | First Name | Middle Name | Type | Date of Birth |
|---|---|---|---|---|---|
| | Moghadam | Omid | Taghizadeh | Alias | 11/01/1989 |
| | Moghadam | Omid | Tagizadeh | Real Name | 11/01/1989 |
| | Moghadam | Ohid | Taghizadeh | Court True Name | 11/01/1989 |

**Case Status:**

| | | |
|---|---|---|
| | Status: | Convicted |
| | Case Stage: | Entered |
| | Release Status: | Remanded |
| | Warrant: | N |
| | DMV Hold : | N |
| | Charging Document: | Information |
| | Mandatory Appearance: | Y |
| | Owner's Resp: | N |
| | Amendment #: | 0 |
| | DA Case #: | 15F06439 |
| | DR #: | 15-109003 |

**Counts:**

| | Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | 0 | 05/18/2015 | 11418.5(a) PC | F | Threats to use weapon of mass destruction | NOT GUILTY | 01/14/2016 | Dismissed or Acquitted | 10/24/2017 |
| | 2 | 0 | 06/01/2015 | 422(a) PC | F | Criminal threats | GUILTY | 10/24/2017 | Pled Guilty | 10/24/2017 |

**Professionals:**

| | Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|---|
| | District Attorney | | OCDA | Balleste, Sonia | | |
| | District Attorney | | OCDA | Cazares, Craig | | |
| | District Attorney | | OCDA | Park, Robin | | |
| | Retained Attorney | | RETAT | Weinberg, Robert K. | | |
| | District Attorney | | OCDA | Shute, Patricia | | |
| | Public Defender | | OCPD | Deputy Public Defender, | | |
| | Public Defender | | OCPD | Kung, Angela | | |
| | District Attorney | | OCDA | Schaniel, Jennifer Marie | | |
| | District Attorney | | OCDA | Thom, Courtney Meghan | | |
| | District Attorney | | OCDA | Siddiq, Harris | | |

**Other Cases:**

| | Case | Case Status | Violation Date |
|---|---|---|---|
| | IRE00044651 | Convicted | 06/12/2015 |
| | IRM477770 | Closed | 10/07/2015 |
| | IRM479521 | Closed | 11/12/2015 |

**Heard Hearings:**

| | Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
|---|---|---|---|---|---|
| | | | | | |

| | 07/09/2015 | Arraignment - | H1 | Heard | 10 court days |
|---|---|---|---|---|---|
| | 07/09/2015 | Arraignment - | H1 | Heard | Waives arraignment today |
| | 07/13/2015 | Hearing Firearms Relinquishment | H1 | Heard | |
| | 07/30/2015 | Pre Trial - | H1 | Heard | 60 calendar days |
| | 09/15/2015 | Pre Trial - | H1 | Heard | Reasonable Time Waiver |
| | 09/15/2015 | Pre Trial - | H1 | Heard | Waives arraignment today |
| | 09/15/2015 | Pre Trial - | H1 | Heard | waives statutory time for |
| | 10/28/2015 | Pre Trial - | H1 | Heard | Reasonable Time Waiver |
| | 10/28/2015 | Pre Trial - | H1 | Heard | Waives arraignment today |
| | 11/09/2015 | Preliminary Hearing - | H1 | Heard | |
| | 11/09/2015 | Preliminary Hearing - | H13 | Heard | Waives arraignment today |
| | 11/09/2015 | Preliminary Hearing - | H13 | Heard | Waives arraignment today |
| | 11/23/2015 | Arraignment - | C5 | Heard | Waives arraignment today |
| | 11/23/2015 | Arraignment - | C5 | Heard | Waives arraignment today |
| | 11/23/2015 | Arraignment - | C5 | Heard | Waives arraignment today |
| | 12/09/2015 | Arraignment - | C5 | Heard | waives statutory time for |
| | 12/09/2015 | Arraignment - | C5 | Heard | waives statutory time for |
| | 12/09/2015 | Arraignment - | C5 | Heard | waives statutory time for |
| | 01/14/2016 | Arraignment - | C5 | Heard | General Time Waiver |
| | 01/14/2016 | Arraignment - | C5 | Heard | waives statutory time for |
| | 01/14/2016 | Arraignment - | C5 | Heard | waives statutory time for |
| | 03/14/2016 | Pre Trial - | C49 | Heard | General Time Waiver |
| | 04/25/2016 | Pre Trial - | C49 | Heard | General Time Waiver |
| | 06/02/2016 | Pre Trial Trial Readiness Conference | C5 | Heard | waives statutory time for |
| | 06/20/2016 | Jury Trial - | C5 | Cancel | |
| | 06/30/2016 | Pre Trial Trial Readiness Conference | C5 | Heard | waives statutory time for |
| | 07/07/2016 | Jury Trial - | C5 | Cancel | |
| | 08/09/2016 | Pre Trial Trial Readiness Conference | C5 | Heard | waives statutory time for |
| | 08/16/2016 | Jury Trial - | C5 | Cancel | |
| | 09/19/2016 | Pre Trial - | C5 | Heard | waives statutory time for |
| | 10/18/2016 | Pre Trial Trial Readiness Conference | C5 | Cancel | |
| | 10/25/2016 | Jury Trial - | C5 | Cancel | |
| | 11/21/2016 | Pre Trial Trial Readiness Conference | C5 | Heard | waives statutory time for |
| | 11/28/2016 | Jury Trial - | C5 | Cancel | |
| | 03/08/2017 | Pre Trial Trial Readiness Conference | C5 | Heard | waives statutory time for |
| | 03/15/2017 | Jury Trial - | C5 | Cancel | |
| | 04/25/2017 | Pre Trial Trial Readiness Conference | C5 | Heard | waives statutory time for |
| | 05/02/2017 | Jury Trial - | C5 | Cancel | |
| | 06/20/2017 | Jury Trial - | C5 | Heard | waives statutory time for |
| | 07/26/2017 | Jury Trial - | C5 | Heard | waives statutory time for |
| | 08/02/2017 | Jury Trial - | C5 | Heard | waives statutory time for |
| | 09/25/2017 | Pre Trial Trial Readiness Conference | C5 | Heard | |
| | 10/16/2017 | Jury Trial - | C5 | Heard | waives statutory time for |
| | 10/19/2017 | Jury Trial - | C5 | Heard | |
| | 10/19/2017 | Jury Trial - | C28 | Heard | |
| | 10/23/2017 | Jury Trial - | C28 | Heard | |
| | 10/24/2017 | Jury Trial - | C28 | Heard | waives statutory time for |
| | 10/25/2017 | Jury Trial - | C28 | Heard | |
| | 12/15/2017 | Sentencing - | C28 | Heard | waives statutory time for |
| | 02/02/2018 | Sentencing - | C28 | Heard | waives statutory time for |
| | 02/23/2018 | Chambers Work - | C28 | Heard | |
| | 03/16/2018 | Sentencing - | C28 | Heard | waives statutory time for |
| | 03/23/2018 | Sentencing - | C28 | Cancel | |
| | 06/08/2018 | Sentencing - | C28 | Heard | waives statutory time for |
| | 07/27/2018 | Sentencing - | C28 | Heard | waives statutory time for |
| | 08/16/2018 | Chambers Work - | C28 | Heard | |
| | 08/17/2018 | Hearing Firearms Relinquishment | C28 | Cancel | |
| | 01/31/2019 | Probation Violation Arraignment | C60 | Heard | waives statutory time for |
| | 02/07/2019 | Probation Violation Arraignment | C60 | Heard | waives statutory time for |
| | 02/14/2019 | Probation Violation Arraignment | C60 | Heard | Found in violation |

**Bond:**

| Bail Date | Post Amount | Bondsman | Bondsman Address | Surety | Surety Address | Details | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Action | Action Date | Amount |
| | | | | | | Active | 06/16/2015 | 50000 |
| 06/16/2015 | 50000.0 | Aladdin Bail Bonds | null | Seaview Insurance Company | null | Active | 06/16/2015 | 50000 |

| | | | | | | | | Exonerated | 11/09/2015 | 50000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | 11/10/2015 | 150000.0 | Aladdin Bail Bonds | null | | Seaview Insurance Company | null | Active | 11/10/2015 | 150000 |
| | | | | | | | | Exonerated | 07/27/2018 | 150000 |

**Sentences:**

| | Seq # | Sentence Date | Sentence | Disposition | |
|---|---|---|---|---|---|
| | 1 | 07/27/2018 | 3 years Probation | Active | 07/27/2018 |
| | 2 | 07/27/2018 | 40 hours Community Service | Ordered | 07/27/2018 |
| | 3 | 02/14/2019 | 180 days Jail | Committed | 02/14/2019 |

**Jail:**

| Credit Type | Credit |
|---|---|
| Actual time | 18 Day(s) |
| Conduct time | 18 Day(s) |
| Total time | 36 Day(s) |

**Probation:**

| Sent Seq # | | Type | Term | End Date |
|---|---|---|---|---|
| 1 | | FORMAL | 3 years | 08/02/2021 |

**History:**

| Status | Status Date | End Date |
|---|---|---|
| Active | 07/27/2018 | 07/26/2021 |
| Revoked | 02/07/2019 | 07/26/2021 |
| Re-activated | 02/14/2019 | 08/02/2021 |

**Conditions:**

| Cond # | Ordered Date | Condition |
|---|---|---|
| 1 | 07/27/2018 | Pay mandatory state restitution fine of $300.00 pursuant to Penal Code 1202.4 or Penal Code 1202.4(b). |
| 2 | 07/27/2018 | Pay $300.00 Probation Revocation Restitution Fine pursuant to Penal Code 1202.44. Restitution fine stayed, to become effective only upon revocation of probation. |
| 3 | 07/27/2018 | Defendant to provide a state DNA sample and prints for the State DNA Database pursuant to PC 296 and PC 296.1 unless collection agency verifies in any available databases that the DNA sample has been previously collected. |
| 4 | 07/27/2018 | As a condition of my plea and for the purpose of crime prevention and detection, I voluntarily consent and agree to provide a state DNA sample and prints for the State DNA Database pursuant to Penal Code 296.1 and a local DNA Database sample, prints and photograph for the local Orange County District Attorney DNA Database with the understanding that my DNA samples will be forensically analyzed and will be permanently retained, along with my DNA profile(s), prints and photograph, all of which will be subject to continual searches, anytime in the future, against other DNA profiles, prints and photographs in any local, state, national or international law enforcement database. I also voluntarily agree to provide sample(s) immediately or, if in custody, within 72 hours of my release. |
| 5 | 07/27/2018 | Use no unauthorized drugs, narcotics, or controlled substances and submit to drug or narcotic testing as directed by your probation or mandatory supervision officer, or any peace officer. |
| 6 | 07/27/2018 | Submit your person and property including any residence, premises, container, or vehicle under your control, to search and seizure at any time of the day or night by any law enforcement officer, probation officer, or mandatory supervision officer with or without a warrant, probable cause or reasonable suspicion. |
| 7 | 07/27/2018 | Cooperate with your probation or mandatory supervision officer in any plan for psychological, psychiatric, alcohol and/or drug treatment. |
| 8 | 07/27/2018 | Seek training, schooling, or employment and maintain residence as approved by your probation officer. |
| 9 | 07/27/2018 | Do not associate with persons known to you to be parolees, on post-release community supervision, convicted felons, users or sellers of illegal drugs, or otherwise disapproved of by probation or mandatory supervision. |
| 10 | 07/27/2018 | Do not knowingly own, use, or possess any type of dangerous or deadly weapon. |
| 11 | 07/27/2018 | Obey all orders, rules, and regulations, and directives of the Court, Probation Department, Mandatory Supervision, and Jail. |
| 12 | 07/27/2018 | Violate no law. |
| 13 | 07/27/2018 | Comply with all terms of Protective Order. |
| 14 | 07/27/2018 | Do not have any contact with the person(s) named in the protective order directly, indirectly, or through a third party except an attorney of record. |
| 15 | 07/27/2018 | Disclose terms and conditions of probation when asked by any law enforcement or probation officer. |
| 16 | 07/27/2018 | Anger Management as directed by Probation |
| 18 | 07/27/2018 | Pay cost of probation or mandatory supervision, according to ability to pay, as directed by your probation or mandatory supervision officer pursuant to Penal Code section 1203.1b. |
| 19 | 07/27/2018 | Defendant accepts terms and conditions of probation. |
| 17 | 07/27/2018 | Complete 40 Hours Community Service as directed by Probation Department as to count(s) 2 . |
| 20 | 02/14/2019 | Serve 180 Day(s) Orange County Jail as to count(s) 2. |

**Register of Actions:**

| Date Action | Seq Nbr | Docket Code | Text |
|---|---|---|---|
| 06/16/2015 | 1 | FLDOC | Original Missing Complaint filed on 06/16/2015 by Laguna Beach Police Department. |
| | 2 | DFADD | Name recorded: Moghadam, Omid Taghizadeh |
| | 3 | FLARC | Added count 1 with charge 422(a) PC for 0 MISSINGCOMPL. |
| | 4 | BBPST | Bail Bond Number SV50-4639045 posted in the amount of $50000.00 by ALADD of SE111146. |
| | 5 | FIBND | Surety Bond # SV50-4639045 filed. |

| | 6 | FITXT | OCJ Bail Rec# S4048932 filed. |
|---|---|---|---|
| | 7 | BLBDAT | Appearance date on Bond/Cash Bail receipt is 07/09/2015. |
| 07/08/2015 | 1 | FLDOC | Original Complaint filed on 07/08/2015 by Orange County District Attorney. |
| | 2 | FLNAM | Name filed: Moghadam, Omid Taghizadeh |
| | 3 | FLCNT | FELONY charge of 422(a) PC filed as count 1. Date of violation: 06/01/2015. |
| | 4 | CLADD | Case calendared on 07/09/2015 at 08:30 AM in H1 for ARGN. |
| | 5 | FI959 | Accusatory pleading filed by the prosecutor pursuant to Penal Code section 959.1. |
| 07/09/2015 | 1 | HHELD | Hearing held on 07/09/2015 at 08:30:00 AM in Department H1 for Arraignment. |
| | 2 | OFJUD | Judicial Officer: Carlton P. Biggs, Judge |
| | 3 | OFJA | Clerk: K. Rodriguez |
| | 4 | OFBAL | Bailiff: D. F. Butsko |
| | 5 | OFREP | Court Reporter: Marcia Gahring |
| | 6 | APDDA | People represented by Sonia Balleste, Deputy District Attorney, present. |
| | 7 | APDPP | Defendant present in Court in propria persona. |
| | 8 | ADVET | Defendant advised pursuant to Penal Code 858(a). |
| | 9 | CPCDD | Copy of Original Complaint given to defense counsel. |
| | 10 | DFTNC | Defendant states true name and date of birth are correct as charged. |
| | 11 | FIFPC | Fingerprint card is received and filed. |
| | 12 | FIFDC | Financial Declaration reviewed and filed. |
| | 13 | APDPD | Court appoints Public Defender to represent Defendant. |
| | 14 | ADVISE | Defendant advised of the following: |
| | 15 | ADCLA | - If legal assistance is provided by the court, a hearing to determine the ability to pay all or a portion of the costs of legal assistance may be conducted at the conclusion of the case. |
| | 16 | APDWPD | Defendant present in court with counsel Angela Kung, Public Defender. |
| | 17 | CPACK | Counsel acknowledges receipt of the charging document. |
| | 18 | WVRAA | Defendant waives reading and advisement of the Original Complaint. |
| | 19 | PLNGA | To the Original Complaint defendant pleads NOT GUILTY to all counts. |
| | 20 | DFSFC | Defendant invokes his/her state, federal and constitutional rights. |
| | 21 | MORES | Defense reserves all motions. |
| | 22 | DFIRD | Informal request for discovery made by Defense. |
| | 23 | CLSET | Pre Trial set on 07/30/2015 at 08:30 AM in Department H1. (Entered NUNC_PRO_TUNC on 07/10/15) |
| | 24 | WVTPH | Court finds the defendant understandingly, knowingly, and voluntarily waives the right to a Preliminary Hearing within 10 court days of arraignment. (Entered NUNC_PRO_TUNC on 07/10/15) |
| | 25 | PLCJN | Counsel joins in waivers. (Entered NUNC_PRO_TUNC on 07/10/15) |
| | 26 | DONOC | Do not have any contact with the person(s) named in the protective order directly, indirectly, or through a third party except an attorney of record. |
| | 27 | DOYRD | Do not go within 100 yards of person(s) named in the Protective Order. |
| | 28 | DOCTO | Comply with all terms of Protective Order. |
| | 29 | DONOS | Do not stalk, sexually abuse, harass, threaten, or commit any violence upon the person(s) named in the protective order. |
| | 30 | DOPOT | Defendant is ordered not to harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of the person(s) named in the protective order. All firearms owned or subjected to immediate possession by the defendant must be surrendered to a local law enforcement agency or sold to a licensed gun dealer within 24 hours. The defendant must file a receipt of surrender or sale within 48 hours. Defendant is not to attempt or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person. |
| | 31 | DFCPP | Defendant provided with a copy of "Power of Attorney for Firearms Relinquishment, Sale, or Disposal - Declaration" pursuant to Penal Code 29810. |
| | 32 | FIDVO | Protective order signed, served and filed. |
| | 33 | TEXT | Defendant states he owns firearms. |
| | 34 | CLSET2 | Hearing re: Firearms Relinquishment set on 07/13/2015 at 08:30 AM in Department H1. |
| | 35 | TEXT | If counsel has proof of firearm surrender, defendant does not need to appear on 07/13/15 (Entered NUNC_PRO_TUNC on 07/10/15) |
| | 36 | MOTBY | Motion by People to impose the bail condtion of that defendant is not to enter any Bank of America branches in Orange County. |
| | 37 | MONOB | No objection by Defense. |
| | 38 | MOTION | Motion granted. |
| | 39 | BLCND | Defendant is released on bail on the condition Do not enter any Bank of America Branches in Orange County. |
| | 40 | BLPBS | Present bail deemed sufficient and continued. |
| | 41 | TXKPW | Keep with companion cases(s) IRE00044651. |
| 07/10/2015 | 1 | DOORG | Protective Order entered in the Protective Order Registry. |
| | 2 | NUNCPT | Nunc Pro Tunc entry(s) made on this date for 07/09/2015. |
| 07/13/2015 | 1 | PRLINK | Transferred from: Moghadam, Omid Taghizadeh |
| | 2 | HHELD | Hearing held on 07/13/2015 at 08:30:00 AM in Department H1 for Hearing Firearms Relinquishment. |
| | 3 | OFJUD | Judicial Officer: Carlton P. Biggs, Judge |
| | 4 | OFJA | Clerk: K. Rodriguez |
| | 5 | OFBAL | Bailiff: D. F. Butsko |
| | 6 | OFREP | Court Reporter: Donna Cox |
| | 7 | APDDA | People represented by Craig Cazares, Deputy District Attorney, present. |
| | 8 | APDWPD | Defendant present in court with counsel Angela Kung, Public Defender. |

| | 9 | FITXT | Proof of firearm surrender to Orange County Sheriff's Department filed. |
|---|---|---|---|
| | 10 | CLTRM | Pre Trial for 07/30/2015 08:30 AM in H1 to remain. |
| | 11 | DFOTR | Defendant ordered to appear. |
| | 12 | BLPBS | Present bail deemed sufficient and continued. |
| 07/30/2015 | 1 | HHELD | Hearing held on 07/30/2015 at 08:30:00 AM in Department H1 for Pre Trial. |
| | 2 | OFJUD | Judicial Officer: Carlton P. Biggs, Judge |
| | 3 | OFJA | Clerk: K. Rodriguez |
| | 4 | OFBAL | Bailiff: D. F. Butsko |
| | 5 | OFREP | Court Reporter: Marcia Gahring |
| | 6 | APSDA | William Sparks III made a special appearance for District Attorney Sonia Balleste. |
| | 7 | APSUB | Adam Stull, Retained Attorney, substituting in as Attorney of Record. |
| | 8 | PBRPO | Probation Department ordered to prepare a Pre-Plea report to be made available to court and counsel 5 days prior to Pre Trial. Fees to be determined at sentencing. |
| | 9 | CLCON | Pre Trial continued to 09/15/2015 at 08:30 AM in Department H1 at request of Defense. |
| | 10 | WVTPH | Court finds the defendant understandingly, knowingly, and voluntarily waives the right to a Preliminary Hearing within 60 calendar days of arraignment. |
| | 11 | PLCJN | Counsel joins in waivers. |
| | 12 | DFOTR | Defendant ordered to appear. |
| | 13 | BLCND | Defendant is released on bail on the condition Do not enter Bank of America Branches in Orange County. |
| | 14 | BLPBS | Present bail deemed sufficient and continued. |
| | 15 | TXKPW | Keep with companion cases(s) IRE00044651. |
| | 16 | OFMEC | Minutes entered by E. Burch. |
| 09/15/2015 | 1 | HHELD | Hearing held on 09/15/2015 at 08:30:00 AM in Department H1 for Pre Trial. |
| | 2 | OFJUD | Judicial Officer: Robert Gannon, Judge |
| | 3 | OFJA | Clerk: L. Fields |
| | 4 | OFBAL | Bailiff: M. Hicks |
| | 5 | OFREP | Court Reporter: Kristy Damron |
| | 6 | APSDA | William Sparks III made a special appearance for District Attorney Sonia Balleste. |
| | 7 | APDWRA | Defendant present in Court with counsel Stull, Adam, Retained Attorney. |
| | 8 | FIDOC | Probation Pre-Plea Report filed. |
| | 9 | CPGTO | Copy of Pre-Plea Report given to Prosecuting attorney and defense counsel. |
| | 10 | CLCON | Pre Trial continued to 10/28/2015 at 08:30 AM in Department H1 at request of Defense. |
| | 11 | WVRTW | Defendant agrees to continue the preliminary hearing and have a preliminary hearing on that date or within a reasonable period of time from that date. |
| | 12 | PLCJN | Counsel joins in waivers. |
| | 13 | DFOTR | Defendant ordered to appear. |
| | 14 | BLCND | Defendant is released on bail on the condition Do not enter Bank of America branches in Orange County. |
| | 15 | BLPBS | Present bail deemed sufficient and continued. |
| 10/28/2015 | 1 | HHELD | Hearing held on 10/28/2015 at 08:30:00 AM in Department H1 for Pre Trial. |
| | 2 | OFJUD | Judicial Officer: Carlton P. Biggs, Judge |
| | 3 | OFJA | Clerk: E. Burch |
| | 4 | OFBAL | Bailiff: M. Hicks |
| | 5 | OFREP | Court Reporter: Donna Cox |
| | 6 | APDDA | People represented by Sonia Balleste, Deputy District Attorney, present. |
| | 7 | APDWRA | Defendant present in Court with counsel Stull, Adam, Retained Attorney. |
| | 8 | FIMTN | People's motion re: Motion regarding Bail People's Motion to Revoke Bail Pursuant to Penal Code filed. |
| | 9 | MOTBY | Motion by People to revoke bail. |
| | 10 | MOTION | Motion argued. |
| | 11 | MOTION | Motion denied. |
| | 12 | CLSET | Preliminary Hearing set on 11/09/2015 at 08:30 AM in Department H1. |
| | 13 | WVRTW | Defendant agrees to continue the preliminary hearing and have a preliminary hearing on that date or within a reasonable period of time from that date. |
| | 14 | PLCJN | Counsel joins in waivers. |
| | 15 | DFOTR | Defendant ordered to appear. |
| | 16 | BLCND | Defendant is released on bail on the condition: Do not enter Bank of America branches in Orange County. Defendant to have peaceful contact with all citizens in the community; commence anger management; engage psychologist and/or psychiatrist with weekly sessions. If conditions are not met, bail to be increased to $150, 000.. |
| | 17 | BLPBS | Present bail deemed sufficient and continued. |
| | 18 | TXKPW | Keep with companion cases(s) IRE00044651. |
| 11/09/2015 | 1 | HHELD | Hearing held on 11/09/2015 at 08:30:00 AM in Department H1 for Preliminary Hearing. |
| | 2 | OFJUD | Judicial Officer: Robert Gannon, Judge |
| | 3 | OFJA | Clerk: L. Fields |
| | 4 | OFBAL | Bailiff: M. Hicks |
| | 5 | OFREP | Court Reporter: Marcia Gahring |
| | 6 | APDDA | People represented by Sonia Balleste, Deputy District Attorney, present. |
| | 7 | APDWRA | Defendant present in Court with counsel Stull, Adam, Retained Attorney. |
| | 8 | FITXT | Letter from Thomas E. Bell MS MFT dated 11/6/15 filed. |

| | 9 | TRPDR | Case called. People answer ready. Defense answers ready. |
|---|---|---|---|
| | 10 | CLSET | Preliminary Hearing transferred to 11/09/2015 at 10:30 AM in Department H13. |
| | 11 | OFMEC | Minutes entered by E. Burch. |
| | 12 | HHELD | Hearing held on 11/09/2015 at 10:30:00 AM in Department H13 for Preliminary Hearing. |
| | 13 | OFJUD | Judicial Officer: Gregory W. Jones, Judge |
| | 14 | OFJA | Clerk: K. Reinke |
| | 15 | OFBAL | Bailiff: A. Tasse |
| | 16 | OFREP | Court Reporter: Kristy Damron |
| | 17 | APDDA | People represented by Sonia Balleste, Deputy District Attorney, present. |
| | 18 | APDWRA | Defendant present in Court with counsel Stull, Adam, Retained Attorney. |
| | 19 | TRWST | Witness, Marques Robinson, sworn and testified. |
| | 20 | STRHRG | Start of Exhibit List: for exhibit management purposes. |
| | 21 | TREXI | People's Exhibit # 1 ( Photograph )- Color photo - front entrance of the Bank of America marked for identification. |
| | 22 | TRWID | Witness identified the defendant. |
| | 23 | TRWEX | Witness excused. |
| | 24 | TRWST | Witness, Deputy Christina Brown, sworn and testified. |
| | 25 | TRWID | Witness identified the defendant. |
| | 26 | TRWEX | Witness excused. |
| | 27 | TRWST | Witness, Deputy David Larson, sworn and testified. |
| | 28 | TRWEX | Witness excused. |
| | 29 | TREXE | People's Exhibit # 1 received into evidence. |
| | 30 | TRPRS | People rest(s). |
| | 31 | TRNAD | No affirmative defense. |
| | 32 | FIDOC | Order for Return of Exhibits filed. |
| | 33 | ENDHRG | End of Exhibit List: for exhibit management purposes. |
| | 34 | MOHTA | Motion by People that defendant be Held To Answer as charged in the complaint as to count(s) 1. |
| | 35 | MOTION | Motion argued. |
| | 36 | MOTBY | Motion by Defense to reduce count 1 to a misdemeanor pursuant to 17(b). |
| | 37 | MOTBY | Motion by People to increase bail. |
| | 38 | MOTION | Motion argued. |
| | 39 | MOTION | Motion granted. |
| | 40 | TEXT | As to 17(b) motion: |
| | 41 | MOTION | Motion denied. |
| | 42 | FDHTA | It appearing to the Court that a felony has been committed and there being sufficient and probable cause to believe that the Defendant committed said felony, Defendant is hereby ordered HELD TO ANSWER on 11/23/2015 at 08:30 AM in Department C5 as to count(s) 1. Defendant and Counsel ordered to appear. |
| | 43 | JLCUS | Defendant taken into custody. |
| | 44 | BLSET | Court orders bail set in the amount of $150, 000.00. |
| | 45 | DFREM | Defendant remanded to the custody of the Sheriff. |
| | 46 | NTJAL | Notice to Sheriff issued. |
| | 47 | BLBXN | Court orders bail bond # SV50-4639045 exonerated. |
| 11/10/2015 | 1 | BBPST | Bail Bond Number SV150-4684170 posted in the amount of $150000.00 by ALADD of SE111146. |
| | 2 | FIBND | Surety Bond # SV150-4684170 filed. |
| | 3 | FITXT | OCJ bail rec# S4054201 filed. |
| | 4 | BLBDAT | Appearance date on Bond/Cash Bail receipt is 11/23/2015. |
| 11/12/2015 | 1 | TXBKF | Request for Booking Fees Received from Orange County Sheriff Department in the amount of $235.00, date of arrest 11/09/2015. |
| 11/17/2015 | 1 | FIRTF | Reporter's transcripts dated 11/09/2015 received and filed. |
| | 2 | FITXT | Notice of Transcripts received and filed. |
| | 3 | CPGTO | Copy of Transcript given to Vanessa with the District Attorneys Office. |
| 11/20/2015 | 1 | FLDOC | Original Information filed on 11/20/2015 by Orange County District Attorney. |
| | 2 | FLNAM | Name filed: Moghadam, Omid Taghizadeh |
| | 3 | FLCNT | FELONY charge of 11418.5(a) PC filed as count 1. Date of violation: 05/18/2015. |
| | 4 | FLCNT | FELONY charge of 422(a) PC filed as count 2. Date of violation: 06/01/2015. |
| | 5 | FI959 | Accusatory pleading filed by the prosecutor pursuant to Penal Code section 959.1. |
| 11/23/2015 | 1 | HHELD | Hearing held on 11/23/2015 at 08:30:00 AM in Department C5 for Arraignment. |
| | 2 | OFJUD | Judicial Officer: Richard M. King, Judge |
| | 3 | OFJA | Clerk: K. Ladisky |
| | 4 | OFBAL | Bailiff: T. Danaher |
| | 5 | OFREP | Court Reporter: Jacqueline F. Vigil |
| | 6 | APDDA | People represented by Sonia Balleste, Deputy District Attorney, present. |
| | 7 | APDWRA | Defendant present in Court with counsel Stull, Adam, Retained Attorney. |
| | 8 | CLCON | Arraignment continued to 12/09/2015 at 09:00 AM in Department C5 at request of Defense. |
| | 9 | WVRAT | Defendant waives the right to be arraigned today. |
| | 10 | PLCJN | Counsel joins in waivers. |
| | 11 | DFOTR | Defendant ordered to return. |
| | 12 | BLCND | Defendant is released on bail on the condition Do not enter Bank of America branches in Orange County. |

| | | | |
|---|---|---|---|
| | 13 | BLPBS | Present bail deemed sufficient and continued. |
| | 14 | OFMEC | Minutes entered by G. Lange. |
| 12/09/2015 | 1 | HHELD | Hearing held on 12/09/2015 at 09:00:00 AM in Department C5 for Arraignment. |
| | 2 | OFJUD | Judicial Officer: Richard M. King, Judge |
| | 3 | OFJA | Clerk: M. Johnson |
| | 4 | OFBAL | Bailiff: T. Danaher |
| | 5 | OFREP | Court Reporter: Sherri Kuebler |
| | 6 | APDDA | People represented by Sonia Balleste, Deputy District Attorney, present. |
| | 7 | APSUB | Robert K. Weinberg, Retained Attorney, substituting in as Attorney of Record. |
| | 8 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 9 | APATR | Adam Stull relieved as Counsel of Record. |
| | 10 | WVTIM | Defendant waives statutory time for Arraignment. |
| | 11 | PLCJN | Counsel joins in waivers. |
| | 12 | CLCON | Arraignment continued to 01/14/2016 at 09:00 AM in Department C5 at request of Defense. |
| | 13 | DFOTR | Defendant ordered to return. |
| | 14 | BLCND | Defendant is released on bail on the condition as previously stated. |
| | 15 | BLPBS | Present bail deemed sufficient and continued. |
| | 16 | TXKPW | Keep with companion cases(s) IRM477770, IRE00044651. |
| | 17 | OFMEC | Minutes entered by R. Hume. |
| 01/14/2016 | 1 | HHELD | Hearing held on 01/14/2016 at 09:00:00 AM in Department C5 for Arraignment. |
| | 2 | OFJUD | Judicial Officer: Richard M. King, Judge |
| | 3 | OFJA | Clerk: K. Ladisky |
| | 4 | OFBAL | Bailiff: T. Danaher |
| | 5 | OFREP | Court Reporter: Jacqueline F. Vigil |
| | 6 | APDDA | People represented by Sonia Balleste, Deputy District Attorney, present. |
| | 7 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 8 | CPACK | Counsel acknowledges receipt of the charging document. |
| | 9 | WVRAA | Defendant waives reading and advisement of the Original Information. |
| | 10 | PLNGA | To the Original Information defendant pleads NOT GUILTY to all counts. |
| | 11 | MOTBY | Motion by People to amend the bail condition to include "all people, " as opposed to "citizens". |
| | 12 | MOTION | Motion argued. |
| | 13 | TEXT | The Court notes the already existing bail conditions will remain at this time. |
| | 14 | CLSET | Pre Trial set on 03/14/2016 at 09:00 AM in Department C49. |
| | 15 | WVTGN | Defendant enters general time waiver. |
| | 16 | DFOTR | Defendant ordered to return. |
| | 17 | BLPBS | Present bail deemed sufficient and continued. |
| | 18 | BLCND | Defendant is released on bail on the condition as previously imposed. |
| | 19 | TXKPW | Keep with companion cases(s) IRE00044651 and IRM477770. |
| 02/09/2016 | 1 | FITXT | Anger Management Program Progress Report from Wel-Mor Psychology Group, Inc dated 02/05/2016 filed. |
| 02/24/2016 | 1 | TXRNF | Anger management Program Progress Report received, not filed. |
| 02/25/2016 | 1 | TEXT | Progress Report forwarded to C49. |
| 03/14/2016 | 1 | HHELD | Hearing held on 03/14/2016 at 09:00:00 AM in Department C49 for Pre Trial. |
| | 2 | OFJUD | Judicial Officer: Kazuharu Makino, Judge |
| | 3 | OFJA | Clerk: R. Garcia |
| | 4 | OFBAL | Bailiff: J. Shapiro |
| | 5 | OFREP | Court Reporter: Lisa Peters |
| | 6 | APDDA | People represented by Sonia Balleste, Deputy District Attorney, present. |
| | 7 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 8 | FIPRG | Proof of completion from Other Program Anger Management Program filed. |
| | 9 | CLCON | Pre Trial continued to 04/25/2016 at 08:30 AM in Department C49 by stipulation of all parties. |
| | 10 | WVTGN | Defendant enters general time waiver. |
| | 11 | DFOTR | Defendant ordered to return. |
| | 12 | BLCND | Defendant is released on bail on the condition do not enter Bank of America branches in Orange County. |
| | 13 | BLPBS | Present bail deemed sufficient and continued. |
| | 14 | OFMCD | Minutes entered by M. Ruiz on 03/14/2016. |
| 04/05/2016 | 1 | CPGTO | Copy of Transcript given to Attorney Robert K. Weinberg. |
| 04/25/2016 | 1 | HHELD | Hearing held on 04/25/2016 at 08:30:00 AM in Department C49 for Pre Trial. |
| | 2 | OFJUD | Judicial Officer: Kazuharu Makino, Judge |
| | 3 | OFJA | Clerk: R. Garcia |
| | 4 | OFBAL | Bailiff: B. Kurka |
| | 5 | OFREP | Court Reporter: Lisa Peters |
| | 6 | APDDA | People represented by Sonia Balleste, Deputy District Attorney, present. |
| | 7 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 8 | WVTGN | Defendant enters general time waiver. |
| | 9 | CLSET2 | Pre Trial re: Trial Readiness Conference set on 06/02/2016 at 08:30 AM in Department C5. |

| | | | |
|---|---|---|---|
| | 10 | CLSET | Jury Trial set on 06/20/2016 at 08:30 AM in Department C5. |
| | 11 | DFOTR | Defendant ordered to appear. |
| | 12 | BLCND | Defendant is released on bail on the condition - Do not enter Bank of America branches in Orange County. |
| | 13 | BLPBS | Present bail deemed sufficient and continued. |
| | 14 | OFMCD | Minutes entered by A. Villa on 04/25/2016. |
| 06/02/2016 | 1 | HHELD | Hearing held on 06/02/2016 at 08:30:00 AM in Department C5 for Pre Trial Trial Readiness Conference. |
| | 2 | OFJUD | Judicial Officer: Richard M. King, Judge |
| | 3 | OFJA | Clerk: K. Ladisky |
| | 4 | OFBAL | Bailiff: T. Danaher |
| | 5 | OFREP | Court Reporter: Shelley Hill |
| | 6 | APSDA | Joe Williams made a special appearance for District Attorney Sonia Balleste. |
| | 7 | APSPC | Sheri R Sandecki makes a special appearance for Robert K. Weinberg, Retained Attorney. Defendant present. |
| | 8 | CLVAC | Jury Trial vacated for 06/20/2016 at 08:30 AM in C5. |
| | 9 | CLSET2 | Pre Trial re: Trial Readiness Conference set on 06/30/2016 at 09:00 AM in Department C5. |
| | 10 | CLSET | Jury Trial set on 07/07/2016 at 09:00 AM in Department C5. |
| | 11 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 12 | PLCJN | Counsel joins in waivers. |
| | 13 | DFOTR | Defendant ordered to return. |
| | 14 | BLCND | Defendant is released on bail on the condition Do not enter and Bank of America branches in Orange County. |
| | 15 | BLPBS | Present bail deemed sufficient and continued. |
| | 16 | OFMCD | Minutes entered by S. Herrera on 06/02/2016. |
| 06/30/2016 | 1 | HHELD | Hearing held on 06/30/2016 at 09:00:00 AM in Department C5 for Pre Trial Trial Readiness Conference. |
| | 2 | OFJUD | Judicial Officer: Richard M. King, Judge |
| | 3 | OFJA | Clerk: M. Johnson |
| | 4 | OFBAL | Bailiff: M. A. Lange |
| | 5 | OFREP | Court Reporter: Elena Zwickel |
| | 6 | APDDA | People represented by Courtney Meghan Thorn, Deputy District Attorney, present. |
| | 7 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 8 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 9 | PLCJN | Counsel joins in waivers. |
| | 10 | CLCON2 | Pre Trial re: Trial Readiness Conference continued to 08/09/2016 at 09:00 AM in Department C5 by stipulation of all parties. |
| | 11 | CLVAC | Jury Trial vacated for 07/07/2016 at 09:00 AM in C5. |
| | 12 | CLSET | Jury Trial set on 08/16/2016 at 09:00 AM in Department C5. |
| | 13 | DFOTR | Defendant ordered to return. |
| | 14 | BLPBS | Present bail deemed sufficient and continued. |
| | 15 | OFMCD | Minutes entered by J. Hart on 06/30/2016. |
| 08/09/2016 | 1 | HHELD | Hearing held on 08/09/2016 at 09:00:00 AM in Department C5 for Pre Trial Trial Readiness Conference. |
| | 2 | OFJUD | Judicial Officer: Sheila Hanson, Judge |
| | 3 | OFJA | Clerk: G. Lange |
| | 4 | OFBAL | Bailiff: T. Danaher |
| | 5 | OFREP | Court Reporter: Cinnamon Walters |
| | 6 | APDDA | People represented by Jennifer Marie Schaniel, Deputy District Attorney, present. |
| | 7 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 8 | CLVAC | Jury Trial vacated for 08/16/2016 at 09:00 AM in C5. |
| | 9 | CLSET | Pre Trial set on 09/19/2016 at 09:00 AM in Department C5. |
| | 10 | CLSET2 | Pre Trial re: Trial Readiness Conference set on 10/18/2016 at 09:00 AM in Department C5. |
| | 11 | CLSET | Jury Trial set on 10/25/2016 at 09:00 AM in Department C5. |
| | 12 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 13 | PLCJN | Counsel joins in waivers. |
| | 14 | DFOTR | Defendant ordered to return. |
| | 15 | BLCND | Defendant is released on bail on the condition Do not enter any Bank of America branches in Orange County. |
| | 16 | BLPBS | Present bail deemed sufficient and continued. |
| | 17 | OFMCD | Minutes entered by M. Talili on 08/09/2016. |
| 09/19/2016 | 1 | FIMTN | Defense motion re: Motion to Continue PC 1050 filed. |
| | 2 | HHELD | Hearing held on 09/19/2016 at 09:00:00 AM in Department C5 for Pre Trial. |
| | 3 | OFJUD | Judicial Officer: Sheila Hanson, Judge |
| | 4 | OFJA | Clerk: M. Johnson |
| | 5 | OFBAL | Bailiff: A. Rodriguez |
| | 6 | OFREP | Court Reporter: Cinnamon Walters |
| | 7 | APDDA | People represented by Jennifer Marie Schaniel, Deputy District Attorney, present. |
| | 8 | APSPC | Sheri R Sandecki makes a special appearance for Robert K. Weinberg, Retained Attorney. Defendant present. |
| | 9 | ADLCR | Defendant advised of legal and constitutional rights. |
| | 10 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 11 | PLCJN | Counsel joins in waivers. |
| | 12 | CLVAC2 | Pre Trial re: Trial Readiness Conference vacated for 10/18/2016 at 09:00 AM in C5. |

| | | | |
|---|---|---|---|
| | 13 | CLVAC | Jury Trial vacated for 10/25/2016 at 09:00 AM in C5. |
| | 14 | CLSET2 | Pre Trial re: Trial Readiness Conference set on 11/21/2016 at 09:00 AM in Department C5. |
| | 15 | CLSET | Jury Trial set on 11/28/2016 at 09:00 AM in Department C5. |
| | 16 | DFOTR | Defendant ordered to return. |
| | 17 | BLCND | Defendant is released on bail on the condition as previously stated. |
| | 18 | BLPBS | Present bail deemed sufficient and continued. |
| | 19 | OFMCD | Minutes entered by M. Talili on 09/19/2016. |
| 11/03/2016 | 1 | FIMTN | People's motion re: Motion to Continue PC 1050 filed. |
| 11/21/2016 | 1 | HHELD | Hearing held on 11/21/2016 at 09:00:00 AM in Department C5 for Pre Trial Trial Readiness Conference. |
| | 2 | OFJUD | Judicial Officer: Cheri T Pham, Judge |
| | 3 | OFJA | Clerk: G. Lange |
| | 4 | OFBAL | Bailiff: T. Danaher |
| | 5 | OFREP | Court Reporter: Joann Perez |
| | 6 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 7 | APDDA | People represented by Jennifer Marie Schaniel, Deputy District Attorney, present. |
| | 8 | CLCON2 | Pre Trial re: Trial Readiness Conference continued to 03/08/2017 at 09:00 AM in Department C5 by stipulation of all parties. |
| | 9 | CLVAC | Jury Trial vacated for 11/28/2016 at 09:00 AM in C5. |
| | 10 | CLSET | Jury Trial set on 03/15/2017 at 09:00 AM in Department C5. |
| | 11 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 12 | PLCJN | Counsel joins in waivers. |
| | 13 | DFOTR | Defendant ordered to return. |
| | 14 | BLPBS | Present bail deemed sufficient and continued. |
| | 15 | BLCND | Defendant is released on bail on the condition Do not enter any Bank of America branches in Orange County. |
| | 16 | OFMCD | Minutes entered by K. Barnstein on 11/21/2016. |
| 03/08/2017 | 1 | FIMTN | People's motion re: Motion to Continue PC 1050 filed. |
| | 2 | HHELD | Hearing held on 03/08/2017 at 09:00:00 AM in Department C5 for Pre Trial Trial Readiness Conference. |
| | 3 | OFJUD | Judicial Officer: Sheila Hanson, Judge |
| | 4 | OFJA | Clerk: G. Lange |
| | 5 | OFBAL | Bailiff: T. Danaher |
| | 6 | OFREP | Court Reporter: Cinnamon Walters |
| | 7 | APDDA | People represented by Jennifer Marie Schaniel, Deputy District Attorney, present. |
| | 8 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 9 | MOTBY | Motion by People to continue the jury trial. |
| | 10 | MOTION | Motion granted. |
| | 11 | TEXT | Defense does not oppose a continuance. |
| | 12 | CLVAC | Jury Trial vacated for 03/15/2017 at 09:00 AM in C5. |
| | 13 | CLCON2 | Pre Trial re: Trial Readiness Conference continued to 04/25/2017 at 09:00 AM in Department C5 at request of Defense. |
| | 14 | CLSET | Jury Trial set on 05/02/2017 at 09:00 AM in Department C5. |
| | 15 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 16 | PLCJN | Counsel joins in waivers. |
| | 17 | DFOTR | Defendant ordered to return. |
| | 18 | BLPBS | Present bail deemed sufficient and continued. |
| | 19 | BLCND | Defendant is released on bail on the condition as previously stated. |
| | 20 | OFMCD | Minutes entered by M. Talili on 03/08/2017. |
| 04/25/2017 | 1 | FIMTN | People's motion re: Motion to Continue PC 1050 filed. |
| | 3 | HHELD | Hearing held on 04/25/2017 at 09:00:00 AM in Department C5 for Pre Trial Trial Readiness Conference. |
| | 4 | OFJUD | Judicial Officer: Sheila Hanson, Judge |
| | 5 | OFJA | Clerk: G. Lange |
| | 6 | OFBAL | Bailiff: T. Danaher |
| | 7 | OFREP | Court Reporter: Cinnamon Walters |
| | 8 | APDDA | People represented by Jennifer Marie Schaniel, Deputy District Attorney, present. |
| | 9 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 10 | CLVAC | Jury Trial vacated for 05/02/2017 at 09:00 AM in C5. |
| | 11 | CLSET | Jury Trial set on 06/20/2017 at 09:00 AM in Department C5. |
| | 12 | CLTME | Time estimate: 4 days. |
| | 13 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 14 | PLCJN | Counsel joins in waivers. |
| | 15 | DFOTR | Defendant ordered to return. |
| | 16 | BLPBS | Present bail deemed sufficient and continued. |
| | 17 | BLCND | Defendant is released on bail on the condition as previously stated. |
| | 18 | OFMCD | Minutes entered by M. Talili on 04/25/2017. |
| 06/20/2017 | 1 | FIMTN | People's motion re: Motion to Continue PC 1050 filed. |
| | 2 | HHELD | Hearing held on 06/20/2017 at 09:00:00 AM in Department C5 for Jury Trial. |
| | 3 | OFJUD | Judicial Officer: Sheila Hanson, Judge |
| | 4 | OFJA | Clerk: G. Lange |

| | | | |
|---|---|---|---|
| | 5 | OFBAL | Bailiff: T. Danaher |
| | 6 | OFREP | Court Reporter: Cinnamon Walters |
| | 7 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |
| | 8 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 9 | MOTBY | Motion by People to continue jury trial. |
| | 10 | TEXT | No objection by the defense. |
| | 11 | ADNFC | Defendant advised no further continuances will be granted. |
| | 12 | CLCON | Jury Trial continued to 07/26/2017 at 09:00 AM in Department C5 by stipulation of all parties. |
| | 13 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 14 | PLCJN | Counsel joins in waivers. |
| | 15 | BLCND | Defendant is released on bail on the condition as previously indicated. |
| | 16 | BLPBS | Present bail deemed sufficient and continued. |
| 07/26/2017 | 1 | FIMTN | People's motion re: Motion to Continue PC 1050 filed. |
| | 2 | HHELD | Hearing held on 07/26/2017 at 09:00:00 AM in Department C5 for Jury Trial. |
| | 3 | OFJUD | Judicial Officer: Sheila Hanson, Judge |
| | 4 | OFJA | Clerk: G. Lange |
| | 5 | OFBAL | Bailiff: T. Danaher |
| | 6 | OFREP | Court Reporter: Cinnamon Walters |
| | 7 | APSDA | Joe Williams made a special appearance for District Attorney Harris Siddiq. |
| | 8 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 9 | MOTBY | Motion by People to continue the jury trial. |
| | 10 | MOTION | Motion denied. |
| | 11 | FDGCT | Court finds good cause to continue the jury trial for one week.. |
| | 12 | CLCON | Jury Trial continued to 08/02/2017 at 09:00 AM in Department C5 by stipulation of all parties. |
| | 13 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 14 | PLCJN | Counsel joins in waivers. |
| | 15 | DFOTR | Defendant ordered to return. |
| | 16 | BLCND | Defendant is released on bail on the condition as previously stated. |
| | 17 | BLPBS | Present bail deemed sufficient and continued. |
| | 18 | OFMCD | Minutes entered by M. Talili on 07/26/2017. |
| 08/02/2017 | 1 | FIMTN | People's motion re: Motion to Continue PC 1050 filed. |
| | 2 | HHELD | Hearing held on 08/02/2017 at 09:00:00 AM in Department C5 for Jury Trial. |
| | 3 | OFJUD | Judicial Officer: Kimberly Menninger, Judge |
| | 4 | OFJA | Clerk: M. Johnson |
| | 5 | OFBAL | Bailiff: T. Danaher |
| | 6 | OFREP | Court Reporter: Andrea Gaunt |
| | 7 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |
| | 8 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 9 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 10 | PLCJN | Counsel joins in waivers. |
| | 11 | CLSET2 | Pre Trial re: Trial Readiness Conference set on 09/25/2017 at 09:00 AM in Department C5. |
| | 12 | CLCON | Jury Trial continued to 10/16/2017 at 09:00 AM in Department C5 at request of People. |
| | 13 | DFOTR | Defendant ordered to return. |
| | 14 | BLCND | Defendant is released on bail on the condition as previously stated. |
| | 15 | BLPBS | Present bail deemed sufficient and continued. |
| | 16 | OFMCD | Minutes entered by M. Talili on 08/02/2017. |
| 09/25/2017 | 1 | HHELD | Hearing held on 09/25/2017 at 09:00:00 AM in Department C5 for Pre Trial Trial Readiness Conference. |
| | 2 | OFJUD | Judicial Officer: Sheila Hanson, Judge |
| | 3 | OFJA | Clerk: G. Lange |
| | 4 | OFBAL | Bailiff: A. Rodriguez |
| | 5 | OFREP | Court Reporter: Amber N. Hogate |
| | 6 | APSDA | K. Trudell made a special appearance for District Attorney Harris Siddiq. |
| | 7 | APSPC | Sheri R Sandecki makes a special appearance for Robert K. Weinberg, Retained Attorney. Defendant present. |
| | 8 | CLTRM | Jury Trial for 10/16/2017 09:00 AM in C5 to remain. |
| | 9 | DFOTR | Defendant ordered to return. |
| | 10 | BLCND | Defendant is released on bail on the condition as previously stated, |
| | 11 | BLPBS | Present bail deemed sufficient and continued. |
| | 12 | OFMCD | Minutes entered by M. Talili on 09/25/2017. |
| 10/16/2017 | 1 | FIMTN | Defense motion re: Motion to Continue PC 1050 filed. |
| | 2 | HHELD | Hearing held on 10/16/2017 at 09:00:00 AM in Department C5 for Jury Trial. |
| | 3 | OFJUD | Judicial Officer: Sheila Hanson, Judge |
| | 4 | OFJA | Clerk: G. Lange |
| | 5 | OFBAL | Bailiff: T. Danaher |
| | 6 | OFREP | Court Reporter: Cinnamon Walters |
| | 7 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |

| | | | |
|---|---|---|---|
| | 8 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 9 | MOTBY | Motion by Defense to continue the jury trial. |
| | 10 | MOTION | Motion granted. |
| | 11 | CLCON | Jury Trial continued to 10/19/2017 at 09:00 AM in Department C5 at request of Defense. |
| | 12 | WVTIM | Defendant waives statutory time for Jury Trial. |
| | 13 | PLCJN | Counsel joins in waivers. |
| | 14 | DFOTR | Defendant ordered to return. |
| | 15 | BLCND | Defendant is released on bail on the condition as previously ordered. |
| | 16 | BLPBS | Present bail deemed sufficient and continued. |
| | 17 | OFMCD | Minutes entered by M. Talili on 10/16/2017. |
| 10/19/2017 | 1 | HHELD | Hearing held on 10/19/2017 at 09:00:00 AM in Department C5 for Jury Trial. |
| | 2 | OFJUD | Judicial Officer: Sheila Hanson, Judge |
| | 3 | OFJA | Clerk: G. Lange |
| | 4 | OFBAL | Bailiff: T. Danaher |
| | 5 | OFREP | Court Reporter: Cinnamon Walters |
| | 6 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |
| | 7 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 8 | TRPDR | Case called. People answer ready. Defense answers ready. |
| | 9 | CLASN | Case assigned for trial to Department C28, Judge Steven D. Bromberg. Time estimate 4 days. Jury Trial set on 10/19/2017 at 09:45 AM. |
| | 10 | DFOTR | Defendant ordered to appear. |
| | 11 | BLCND | Defendant is released on bail on the condition as previously stated. |
| | 12 | BLPBS | Present bail deemed sufficient and continued. |
| | 13 | OFMCD | Minutes entered by M. Talili on 10/19/2017. |
| | 14 | FITXT | People's Motions in Limine filed. |
| | 15 | HHELD | Hearing held on 10/19/2017 at 09:45:00 AM in Department C28 for Jury Trial. |
| | 16 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 17 | OFJA | Clerk: D. Hallas |
| | 18 | OFBAL | Bailiff: M. Vitro |
| | 19 | OFREP | Court Reporter: Julia Rowan-Barton |
| | 20 | TRCBR | At 09:54 AM, Court and Counsel confer in chambers without court reporter present. |
| | 21 | TRIOC | In open court at 11:03 AM |
| | 22 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |
| | 23 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 24 | TRTXT | The Court indicates that a pretrial conference has been held and many things were discussed. |
| | 25 | TRTXT | Counsel to agree upon and prepare a proposed statement to the jury. |
| | 26 | TRTXT | All parties are present and ready to proceed with 402 Evidence Code Motions. |
| | 27 | TRSTR | This case came on regularly for trial. |
| | 28 | MOTBY | Motion by People to admit evidence of defendant's prior incidents pursuant to Evidence Code Section 1101(b), incident 1 - 6/21/14, incident 2 - 5/20/15 and incident 3 - 10/7/15. |
| | 29 | MOTION | Motion argued. |
| | 31 | MOTION | Motion denied. |
| | 32 | TRTXT | Reasons as stated on the record. |
| | 33 | MOTBY | Motion by Defense to exclude statement made by defendant to the officers regarding "AR's" at home. |
| | 34 | MOTION | Motion argued. |
| | 35 | TRTXT | The Court will allow it in. Reasons as stated on the record. |
| | 36 | MOTBY | Motion by People to admit evidence that the defendant turned in one firearm. |
| | 37 | MOTION | Motion argued. |
| | 38 | TRTXT | The Court will not allow it in. Reasons as stated on the record. |
| | 39 | TRTXT | The Court advised counsel that the Court's ruling on Evidence Code 402 motions are tentative and subject to change. |
| | 40 | TRTXT | Court and counsel have discussion relative to religion. |
| | 41 | ADLCR | Defendant advised of legal and constitutional rights. |
| | 42 | ADVISE | Defendant advised of the following: |
| | 43 | TRTXT | The right to testify or remain silent and if the defendant testifies he will be subject to cross examination. |
| | 44 | CLSET | Jury Trial set on 10/23/2017 at 09:00 AM in Department C28. |
| | 45 | DFOTR | Defendant ordered to appear. |
| | 46 | BLCND | Defendant is released on bail on the condition as previously stated. |
| | 47 | BLPBS | Present bail deemed sufficient and continued. |
| | 48 | TRTXT | The Court directed the clerk to contact jury services and request a panel of 63 prospective jurors for 10/23/17 at 9:00 a.m. |
| 10/23/2017 | 1 | HHELD | Hearing held on 10/23/2017 at 09:00:00 AM in Department C28 for Jury Trial. |
| | 2 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 3 | OFJA | Clerk: D. Hallas |
| | 4 | OFBAL | Bailiff: M. Vitro |
| | 5 | OFREP | Court Reporter: Julia Rowan-Barton |
| | 6 | TRIOC | In open court at 09:06 AM |
| | 7 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |

| | 8 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
|---|---|---|---|
| | 9 | TRTXT | Court and counsel discuss the statement of the case, no communication with the jurors and being present at 8:50 a.m. |
| | 10 | TRTXT | Prospective jurors present in the hallway outside of Department C28. Roll was called by the clerk and the prospective jurors were assigned a juror number. |
| | 11 | TRALP | Again in open court at 09:26 AM, Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| | 12 | TRJSE | Roll call having been taken, prospective jurors were sworn for examination. |
| | 13 | TRTXT | The Court welcomed then thanked the prospective jurors for their service. |
| | 14 | TRTXT | The Court advised the prospective jurors of the trial schedule. |
| | 15 | TRTXT | Court discussed the basic duties, functions and conduct with the prospective jurors. |
| | 16 | TRTXT | The Court summarized the charges alleged in the Information for the prospective jurors. |
| | 17 | TRTXT | Introduction of counsel and the defendant to prospective jurors. |
| | 18 | TRVDE | Voir Dire examination commenced. |
| | 20 | TRTXT | The Court inquired of the prospective jurors if anyone knows the attorneys or the defendant. Prospective juror number 145 indicates she knows both counsel. Prospective juror number 144 indicates she knows Defense counsel's brother. |
| | 22 | TRTXT | Court read the prospective witness list to the prospective jurors. |
| | 23 | TRTXT | The Court inquired of the prospective jurors if they know the potential witnesses. No response from the prospective jurors. |
| | 26 | TRJEX | Prospective juror(s) called by the clerk to fill the jury box. |
| | 27 | TRTXT | Court admonished the prospective jurors that if they see the attorneys outside the courtroom they cannot have communication with them. |
| | 28 | TRVDE | Voir Dire examination resumed. |
| | 29 | TRAPJ | At 10:25 AM, Court admonishes prospective jurors and declares a recess. |
| | 30 | TRALP | Again in open court at 10:46 AM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 31 | TRVDE | Voir Dire examination resumed. |
| | 32 | TRTXT | Counsel stipulate to excuse prospective juror number(s) 100. Prospective juror number(s) exits courtroom. |
| | 33 | TRTXT | Prospective juror called by the clerk to fill the jury box. |
| | 34 | TRVDE | Voir Dire examination resumed. |
| | 35 | TRTXT | Counsel stipulate to excuse prospective juror number(s) 132. Prospective juror number(s) exits courtroom. |
| | 36 | TRTXT | Prospective juror called by the clerk to fill the jury box. |
| | 37 | TRVDE | Voir Dire examination resumed. |
| | 38 | TRTXT | All prospective jurors ordered to return to Department C28 at 1:30 p.m. |
| | 39 | TRAPJ | At 11:55 AM, Court admonishes prospective jurors and declares a recess. |
| | 40 | TRALP | Again in open court at 01:32 PM, Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| | 41 | TRVDE | Voir Dire examination resumed. |
| | 42 | TRCBR | At 01:47 PM, Court and Counsel confer in chambers with court reporter present. |
| | 43 | TRTXT | Court and counsel discuss the Defense objection to the People's reference during voir dire to weapons and challenges for cause. |
| | 44 | TRJXC | Court excused 2 prospective juror(s) for cause. |
| | 45 | TRALP | Again in open court at 01:56 PM, Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| | 46 | TRTXT | Counsel stipulate to excuse prospective juror number(s) 137 and 114. Prospective juror number(s) exits courtroom. |
| | 47 | TRPEC | Peremptory challenge exercised by People. |
| | 48 | TRPEC | Peremptory challenge exercised by Defense. |
| | 49 | TRTXT | Defendant's outburst in jest. The Court admonished the jurors not to consider the outburst for any reason. |
| | 50 | TRJEX | Prospective juror(s) called by the clerk to fill the jury box. |
| | 51 | TRVDE | Voir Dire examination resumed. |
| | 52 | TRAPJ | At 02:30 PM, Court admonishes prospective jurors and declares a recess. |
| | 53 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| | 54 | TRTXT | Counsel stipulate to excuse prospective juror number 111. |
| | 55 | TRTXT | Defense pass for cause. |
| | 56 | TRTXT | The People note the Defendant's outburst and actions in front of the prospective jurors. The Court admonished the Defendant as to his actions in front of the prospective jurors. |
| | 57 | TRREC | At 02:34 PM, court declared a recess. |
| | 58 | TRALP | Again in open court at 02:50 PM, Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| | 59 | TRVDE | Voir Dire examination resumed. |
| | 60 | TRTXT | Counsel stipulate to excuse prospective juror number(s) 111. Prospective juror number(s) exits courtroom. |
| | 61 | TRTXT | People pass for cause. |
| | 62 | TRPEC | Peremptory challenge exercised by Defense. |
| | 63 | TRPEC | Peremptory challenge exercised by People. |
| | 64 | TRJYA | Both sides accepted the jury as presently constituted. |
| | 65 | TRJCS | Twelve Jurors were sworn by the clerk to hear this matter. Disposition of panel jurors is reported on the random list and included by reference. |
| | 66 | TRTXT | Juror numbers 136 and 149 expressed their concerns relative to serving as a trial juror. |
| | 67 | TRCBR | At 03:02 PM, Court and Counsel confer in chambers with court reporter present. |
| | 68 | TRTXT | Court and counsel discuss juror number 149. Counsel agree to excuse juror number 149 for misconduct and move an alternate juror into seat number 9. |

| | 69 | TRALP | Again in open court at 03:08 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
|---|---|---|---|
| | 71 | TRTXT | Counsel agree to Prospective juror numbers 140, 121 and 154 as the alternate jurors. |
| | 72 | TRJCS | Three Alternate Jurors were sworn by the clerk to hear this matter. Disposition of panel jurors is reported on the random list and included by reference. |
| | 73 | TRTXT | Juror number 149 excused and ordered to return on 10/30/17 for jury service. Juror number 149 to report to jury services forthwith. |
| | 74 | TRTXT | Juror number 140 now seated as juror number nine. |
| | 75 | TRJGB | Court thanked and excused remaining prospective jurors to Jury Assembly Room. |
| | 76 | TRTXT | Introduction of the court staff. |
| | 77 | TRTXT | The Court admonished the jurors relative to Internet and Google use. |
| | 78 | TRJAD | Court admonished sworn jurors as to their basic duties, function, and conduct. |
| | 79 | TRCRI | The Court read the Instructions to the Jury. |
| | 80 | FIGJI | Jury Instructions Given filed. |
| | 81 | TRRTD | At 03:41 PM, Court admonished sworn jurors and declared a recess to reconvene on 10/24/2017 at 09:00 AM in Department C28 for Jury Trial. |
| | 82 | DFOTR | Defendant ordered to appear. |
| | 83 | BLPBS | Present bail deemed sufficient and continued. |
| 10/24/2017 | 1 | HHELD | Hearing held on 10/24/2017 at 09:00:00 AM in Department C28 for Jury Trial. |
| | 2 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 3 | OFJA | Clerk: D. Hallas |
| | 4 | OFBAL | Bailiff: M. Vitro |
| | 5 | OFREP | Court Reporter: Julia Rowan-Barton |
| | 6 | TRCBR | At 08:50 AM, Court and Counsel confer in chambers without court reporter present. |
| | 7 | TRIOC | In open court at 09:19 AM |
| | 8 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |
| | 9 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 10 | TRPJP | Sworn jurors are present and in their proper places. |
| | 11 | TROSB | Opening statement by People given. |
| | 12 | TROSB | Opening statement by Defense given. |
| | 13 | TRWST | Witness, Marques Robinson, sworn and testified. |
| | 14 | TRWID | Witness identified the defendant. |
| | 15 | TRCBR | At 09:51 AM, Court and Counsel confer in chambers with court reporter present. |
| | 16 | TRTXT | Court and counsel discuss the Defense objection relative to hearsay. The Court will have an Evidence Code 402 hearing outside the presence of the jurors. |
| | 17 | TRALP | Again in open court at 09:56 AM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 18 | TRTXT | The Court advised the jurors that there is a need for a short hearing outside of their presence. |
| | 19 | TRREC | At 09:57 AM, court admonished jurors and declared a recess. |
| | 20 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| | 21 | TRTXT | Evidence Code 402 Hearing held. |
| | 22 | TRWRT | Marques Robinson, previously sworn, resumes testimony. |
| | 23 | TRTXT | Defense objection sustained. |
| | 24 | TRALP | Again in open court at 10:03 AM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 25 | TRWRT | Marques Robinson, previously sworn, resumes testimony. |
| | 26 | STRHRG | Start of Exhibit List: for exhibit management purposes. |
| | 27 | TREXI | People's Exhibit # 1 ( Photograph )- Photograph open door to a bank vault marked for identification. |
| | 28 | TRREC | At 10:22 AM, court admonished jurors and declared a recess. |
| | 29 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| | 30 | TRTXT | Court and counsel discuss the testimony of the witness. |
| | 31 | TRTXT | Court and counsel discuss clarification of testimony, Defense objection, state of mind. The Court sustained the objection. |
| | 32 | TRREC | At 10:30 AM, court declared a recess. |
| | 33 | TRALP | Again in open court at 10:47 AM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 34 | TRWRT | Marques Robinson, previously sworn, resumes testimony. |
| | 35 | TREXI | Court Exhibit # A ( Document(s) )- Document hand drawn diagram of Department C28 marked for identification. |
| | 36 | TREXE | Court Exhibit # A received into evidence. |
| | 37 | TREXI | People's Exhibit # 2 ( Photograph )- Photograph inside of bank entrance, desk area and teller line marked for identification. |
| | 38 | TREXI | People's Exhibit # 3 ( Photograph )- Photograph looking outside to the parking area of bank marked for identification. |
| | 39 | TREXI | People's Exhibit # 4 ( Photograph )- Photograph of the front of Bank of America marked for identification. |
| | 40 | TRWER | Marques Robinson excused subject to recall. |
| | 41 | TRWST | Witness, Sougol Mortezavi, sworn and testified. |
| | 42 | TRWID | Witness identified the defendant. |
| | 43 | TRREC | At 11:56 AM, court admonished jurors and declared a recess. |
| | 44 | TRALP2 | Again in open court at 01:33 PM. Defendant present with counsel. People duly represented. |
| | 45 | TRTXT | Defense counsel requests that the Court advise the defendant again regarding his right to testify or remain silent. |
| | 46 | TRALP | Again in open court at 01:35 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper |

| | | | places. |
|---|---|---|---|
| | 47 | TRWRT | Sougol Mortezavi, previously sworn, resumes testimony. |
| | 48 | TRWER | Songol Mortezavi excused subject to recall. |
| | 49 | TRWST | Witness, Officer David Larsen of the Orange County Sheriff's Department, sworn and testified. |
| | 50 | TRWID | Witness identified the defendant. |
| | 51 | TRWEX | Witness excused. |
| | 52 | TRWST | Witness, Officer Lauren Felix of the Orange County Sheriff's Department, sworn and testified. |
| | 53 | TRWID | Witness identified the defendant. |
| | 54 | TRWEX | Witness excused. |
| | 55 | TRPRS | People rest(s) subject to the admission of People's Exhibits into evidence. |
| | 56 | TRCBR | At 01:55 PM, Court and Counsel confer in chambers without court reporter present. |
| | 57 | TRALP | Again in open court at 01:57 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 58 | TREXA | People's Exhibits # 1 through 4 received into evidence. |
| | 59 | TRDRS | Defense rests. |
| | 60 | TRRTD | At 02:00 PM, Court admonished sworn jurors and declared a recess to reconvene on 10/25/2017 at 09:30 AM in Department C28 for Jury Trial. |
| | 61 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| | 62 | TRTXT | Motion by Defense for judgment of acquittal on Count 1 pursuant to Penal Code Section 1118.1. |
| | 63 | MOTION | Motion argued. |
| | 64 | MOTDG | Defense motion for judgment of acquittal as to count(s) 1 pursuant to Penal Code 1118.1 is granted. |
| | 65 | TRTXT | Reasons as stated on the record. |
| | 66 | TRCBR | At 02:24 PM, Court and Counsel confer in chambers without court reporter present. |
| | 67 | TRALP2 | Again in open court at 03:26 PM. Defendant present with counsel. People duly represented. |
| | 68 | TRTXT | Defendant wishes to change his plea. |
| | 69 | FIWWR | Defendant's written waiver of legal and constitutional rights for guilty plea received and ordered filed. |
| | 70 | ADCRWG | The defendant has been advised of constitutional rights, waivers and consequences in writing pursuant to the guilty plea form. The defendant makes the plea with a full understanding of all the matters set forth in the charging document and in the guilty plea form, that defendant has read, understood and personally initialed each item herein. Defendant understands that the signing and filing of the guilty plea form is conclusive evidence that defendant has pleaded GUILTY to the charges set forth. |
| | 71 | TRTXT | The Court explained to the defendant that this is a plea pursuant to People v. Clancey 56 Cal.4th 562. |
| | 72 | ADVISE | Defendant advised of the following: |
| | 73 | ADMAX | Defendant advised of maximum possible sentence. |
| | 74 | ADCZS | Defendant advised of the possible consequences of plea affecting deportation and citizenship. |
| | 75 | PLWTH | Defendant's motion to WITHDRAW NOT GUILTY PLEA to count(s) 2 granted. |
| | 76 | PLGCT | To the Original Information Defendant pleads GUILTY as to count(s) 2. |
| | 77 | PLFWR | Court finds defendant intelligently and voluntarily waives legal and constitutional rights to jury trial, confront and examine witnesses, and to remain silent. |
| | 78 | PLFBA | Court finds factual basis and accepts plea. |
| | 79 | TRTXT | The Court heard from the People as to their objections as to an open plea as stated on the record. |
| | 80 | PLCJN | Counsel joins in plea, waiver, and factual basis. |
| | 83 | PBRPO | Probation Department ordered to prepare a Probation & Sentencing report to be made available to court and counsel 5 days prior to Sentencing. Fees to be determined at sentencing. |
| | 86 | TRTXT | The Court determines that the cost of the probation report will be the responsibility of the court. |
| | 87 | MOTBY | Motion by People to remand the defendant to custody. |
| | 88 | TRTXT | The Court heard from the defendant and his wife. |
| | 90 | MOTION | Motion argued. |
| | 91 | FDTXT | Court finds good cause that the defendant remain out of custody. |
| | 92 | TRTXT | Additional terms of release on bail: |
| | 93 | BLCND | Defendant is released on bail on the condition Defendant to continue to see therapist at least once a week and submit to the Court a signed report from the therapist at the time of sentencing; obey all laws; no communication with witnesses Ms. Mortezavi and Mr. Robinson and stay at least a football field distance away from witnesses; stay away from Bank of America 23711 Moulton Parkway, Laguna Hills. |
| | 94 | TRTXT | People to submit a protective order and the defendant will be served at 1:30 p.m. on 10/25/17. |
| | 95 | ADLCR | Defendant advised of legal and constitutional rights. |
| | 96 | WVTIM | Defendant waives statutory time for Sentencing. |
| | 97 | PLCJN | Counsel joins in waivers. |
| | 98 | CLSET | Sentencing set on 12/15/2017 at 09:00 AM in Department C28. |
| | 99 | DFOTR | Defendant ordered to appear. |
| | 100 | TRTXT | Probation to submit probation report to the Court by 12/4/17. |
| | 101 | TRTXT | Defendant ordered to return to court on 10/25/17 at 1:30 p.m. and then report to Probation. |
| | 102 | BLPBS | Present bail deemed sufficient and continued. |
| | 103 | ENDHRG | End of Exhibit List: for exhibit management purposes. |
| 10/25/2017 | 1 | HHELD | Hearing held on 10/25/2017 at 09:30:00 AM in Department C28 for Jury Trial. |
| | 2 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 3 | OFJA | Clerk: D. Hallas |
| | 4 | OFBAL | Bailiff: M. Vitro |
| | 5 | OFREP | Court Reporter: Julia Rowan-Barton |

| | 6 | TRIOC | In open court at 09:34 AM |
|---|---|---|---|
| | 7 | APNDA | District Attorney not present in Court. |
| | 8 | APTXT | Defense counsel and Defendant are not present. |
| | 9 | TRPJP | Sworn jurors are present and in their proper places. |
| | 10 | TRTXT | The Court advised the jurors that the case has resolved. |
| | 11 | TRTXT | The Court read CALCRIM Jury Instruction 3590. |
| | 12 | TRJIS | Pursuant to Code of Civil Procedure 237(a)(2), all juror identifying information ordered sealed and filed. |
| | 13 | FIJIS | Packet of unfiled documents containing confidential juror information is filed and sealed pursuant to Code of Civil Procedure 237(a)(2). |
| | 14 | TRTXT | Court gave a further explaination as to what happened to the jurors. |
| | 15 | TRJTE | Court thanked and excused the Jury. |
| | 16 | TRACD | Actual days of trial: 4 days. |
| | 17 | BLPBS | Present bail deemed sufficient and continued. |
| | 18 | TEXT | Later same day: |
| | 19 | TRIOC | In open court at 01:38 PM |
| | 20 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |
| | 21 | APWOC | Defendant present in Court without counsel. |
| | 22 | FIDVO | Protective Order signed, served and filed. |
| | 23 | DOPOF | Protective Order faxed to Protective Order Registry. |
| | 24 | DOPOS | Court orders the protective order sealed pursuant to Penal Code section 293, 293.5, and/or California Rules of Court 2.550. |
| | 25 | DFRPT2 | Defendant ordered to report to Probation Department forthwith. |
| | 26 | DOORG | Protective Order modified in the Protective Order Registry. |
| 10/26/2017 | 1 | FIDOC | Exhibit List of Court filed. |
| | 2 | FIDOC | Exhibit List of People filed. |
| 11/30/2017 | 1 | TXRNF | Probation and Sentencing Report received. |
| 12/11/2017 | 1 | FITXT | People's Sentencing Brief filed. |
| | 2 | FIMTN | Defense motion re: Motion to Continue PC 1050 Motion for Continuance of Sentencing Hearing (Penal Code Section 1050) filed. |
| 12/15/2017 | 1 | HHELD | Hearing held on 12/15/2017 at 09:00:00 AM in Department C28 for Sentencing. |
| | 2 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 3 | OFJA | Clerk: D. Hallas |
| | 4 | OFBAL | Bailiff: M. Vitro |
| | 5 | OFREP | Court Reporter: Julia Rowan-Barton |
| | 6 | TRIOC | In open court at 10:33 AM |
| | 7 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |
| | 8 | APSPC | Sheri R Sandecki makes a special appearance for Robert K. Weinberg, Retained Attorney. Defendant present. |
| | 9 | MOTBY | Motion by Defense to continue pursuant to Penal Code Section 1050. |
| | 10 | TRTXT | People object. |
| | 11 | FDTXT | Court finds good cause to continue |
| | 12 | MOTION | Motion granted. |
| | 13 | ADLCR | Defendant advised of legal and constitutional rights. |
| | 14 | WVTIM | Defendant waives statutory time for Sentencing. |
| | 15 | CLCON | Sentencing continued to 02/02/2018 at 09:00 AM in Department C28 at request of Defense. |
| | 16 | DFOTR | Defendant ordered to appear. |
| | 17 | BLPBS | Present bail deemed sufficient and continued. |
| | 18 | CPGTO | Copy of probation and sentencing report given to Ms. Sandecki. |
| 01/31/2018 | 1 | FITXT | Defendant's Sentencing Memorandum and Statement in Mitigation [Cal. Rules of Court, rule 4.437] filed. |
| 02/02/2018 | 1 | HHELD | Hearing held on 02/02/2018 at 09:00:00 AM in Department C28 for Sentencing. |
| | 2 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 3 | OFJA | Clerk: D. Hallas |
| | 4 | OFBAL | Bailiff: M. Vitro |
| | 5 | OFREP | Court Reporter: Julia Rowan-Barton |
| | 6 | TRIOC | In open court at 09:34 AM |
| | 7 | APSDA | Jake Jondle made a special appearance for District Attorney Harris Siddiq. |
| | 8 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 9 | TEXT | People engaged in trial. |
| | 10 | ADLCR | Defendant advised of legal and constitutional rights. |
| | 11 | WVTIM | Defendant waives statutory time for Sentencing. |
| | 12 | PLCJN | Counsel joins in waivers. |
| | 13 | CLCON | Sentencing continued to 03/23/2018 at 09:00 AM in Department C28 by stipulation of all parties. |
| | 14 | DFOTR | Defendant ordered to appear. |
| | 15 | BLPBS | Present bail deemed sufficient and continued. |
| 02/13/2018 | 1 | FITXT | Anger Management Program Report filed. |
| 02/23/2018 | 1 | HHELD | Hearing held on 02/23/2018 at 09:00:00 AM in Department C28 for Chambers Work. |
| | 2 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 3 | OFJA | Clerk: D. Hallas |

| | 4 | APNCR | No Court Reporter present at proceedings. |
|---|---|---|---|
| | 5 | APNAP | No appearance by parties. |
| | 6 | TEXT | The Court will not be available on 3/23/18. The clerk notified counsel via email. Counsel agree to reset this matter to: |
| | 7 | CLVAC | Sentencing vacated for 03/23/2018 at 09:00 AM in C28. |
| | 8 | CLSET | Sentencing set on 03/16/2018 at 09:00 AM in Department C28. |
| | 9 | BLPBS | Present bail deemed sufficient and continued. |
| 03/16/2018 | 1 | HHELD | Hearing held on 03/16/2018 at 09:00:00 AM in Department C28 for Sentencing. |
| | 2 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 3 | OFJA | Clerk: D. Hallas |
| | 4 | OFBAL | Bailiff: M. Vitro |
| | 5 | OFREP | Court Reporter: Lynn Peterson |
| | 6 | TRIOC | In open court at 10:16 AM |
| | 7 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |
| | 8 | APDWRA | Defendant present in Court with counsel Weinberg, Robert K., Retained Attorney. |
| | 9 | CORAC | Court read and considered probation and sentencing report, counsel's briefs and anger management report. |
| | 10 | TEXT | The defendant is eligible for probation and the probation officer has recommended probation for the defendant and the Court's tentative is to follow the recommendation and grants the defendant's request for probation. |
| | 11 | TRTXT | The Court notes that the defendant received a "c" on the anger management report. |
| | 12 | TRWST | Witness, MFT, Thomas Edward Bell, sworn and testified. |
| | 13 | STRHRG | Start of Exhibit List: for exhibit management purposes. |
| | 14 | TREXI | Court Exhibit # 1 ( Document(s) )- Document, Anger Management Program Progress Report; dated 2/9/18 marked for identification. |
| | 15 | TEXT | The Court heard from both counsel. |
| | 16 | TEXT | The Court advised counsel that he is not ready to proceed with sentencing today. People request that the Court appoint a psychologist for an evaluation. The Court is satisfied with the testimony of Mr. Bell. The Court would like the defendant to continue on with the therapist and anger management, the Court would like another anger management report. |
| | 17 | ADLCR | Defendant advised of legal and constitutional rights. |
| | 18 | WVTIM | Defendant waives statutory time for Sentencing. |
| | 19 | PLCJN | Counsel joins in waivers. |
| | 20 | CLCON | Sentencing continued to 06/08/2018 at 09:00 AM in Department C28 upon Court's own motion. |
| | 21 | CLTXT | Judge Bromberg will keep this case for all purposes. |
| | 22 | DFOTR | Defendant ordered to appear. |
| | 23 | BLPBS | Present bail deemed sufficient and continued. |
| | 24 | ENDHRG | End of Exhibit List: for exhibit management purposes. |
| 03/21/2018 | 1 | FIDOC | Exhibit List of Court filed. |
| 06/08/2018 | 1 | HHELD | Hearing held on 06/08/2018 at 09:00:00 AM in Department C28 for Sentencing. |
| | 2 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 3 | OFJA | Clerk: D. Hallas |
| | 4 | OFBAL | Bailiff: M. Vitro |
| | 5 | OFREP | Court Reporter: Julia Rowan-Barton |
| | 6 | TRIOC | In open court at 09:33 AM |
| | 7 | APSDA | Matthew O. Plunkett made a special appearance for District Attorney Harris Siddiq. |
| | 8 | APDWRA | Defendant present in Court with counsel Robert K. Weinberg, Retained Attorney. |
| | 9 | ADLCR | Defendant advised of legal and constitutional rights. |
| | 10 | WVTIM | Defendant waives statutory time for Sentencing. |
| | 11 | CLCON | Sentencing continued to 07/27/2018 at 09:00 AM in Department C28 by stipulation of all parties. |
| | 12 | DFOTR | Defendant ordered to appear. |
| | 13 | BLPBS | Present bail deemed sufficient and continued. |
| 07/27/2018 | 1 | HHELD | Hearing held on 07/27/2018 at 09:00:00 AM in Department C28 for Sentencing. |
| | 2 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 3 | OFJA | Clerk: D. Hallas |
| | 4 | OFBAL | Bailiff: M. Vitro |
| | 5 | OFREP | Court Reporter: Julia Rowan-Barton |
| | 6 | TRIOC | In open court at 09:35 AM |
| | 7 | APDDA | People represented by Harris Siddiq, Deputy District Attorney, present. |
| | 8 | APDWRA | Defendant present in Court with counsel Robert K. Weinberg, Retained Attorney. |
| | 9 | TEXT | The Court notes that the defendant has a certificate of completion for an Anger Management program. |
| | 10 | TRWRE | MFT Thomas Edward Bell recalled to the stand. |
| | 11 | TRWRT | Thomas Edward Bell, previously sworn, resumes testimony. |
| | 12 | TEXT | Witness, Mr. Bell stepped down and is seated in the audience. |
| | 13 | TEXT | The Court heard from both counsel. |
| | 14 | TEXT | The defendant's wife Michelle Moghadam addressed the Court. |
| | 15 | TEXT | People indicate they have complied with Marsey's Law. |
| | 16 | CORAC | Court read and considered probation and sentencing report. |
| | 17 | FIDOC | Probation & Sentencing report filed. |
| | 18 | MOTBY | Oral motion by Defense to reduce count 2 to a misdemeanor pursuant to Penal Code Section 17(b); motion denied. |
| | 19 | FITXT | Terms and Conditions of Felony Probation filed. |

| | 20 | PLRIS | Defendant requests immediate sentencing. |
|---|---|---|---|
| | 21 | WVTIM | Defendant waives statutory time for Sentencing. |
| | 22 | PRISS | No legal cause why judgment should not be pronounced and defendant having Pled Guilty to count(s) 2, Imposition of sentence is suspended and defendant is placed on 3 Year(s) FORMAL PROBATION on the following terms and conditions: |
| | 23 | SESEC | Pay $40.00 Court Operations Fee per convicted count pursuant to Penal Code 1465.8. |
| | 24 | SECCA | Pay Criminal Conviction Assessment Fee per convicted count of $30.00 per misdemeanor/felony and $35.00 per infraction pursuant to Government Code 70373(a)(1). |
| | 25 | PRSRF | Pay mandatory state restitution fine of $300.00 pursuant to Penal Code 1202.4 or Penal Code 1202.4(b). |
| | 26 | PRRFS | Pay $300.00 Probation Revocation Restitution Fine pursuant to Penal Code 1202.44. Restitution fine stayed, to become effective only upon revocation of probation. |
| | 27 | PRFEP | All fees payable through the Probation Department. |
| | 28 | PRDNA | Defendant to provide a state DNA sample and prints for the State DNA Database pursuant to PC 296 and PC 296.1 unless collection agency verifies in any available databases that the DNA sample has been previously collected. |
| | 29 | PRDNAC | As a condition of my plea and for the purpose of crime prevention and detection, I voluntarily consent and agree to provide a state DNA sample and prints for the State DNA Database pursuant to Penal Code 298.1 and a local DNA Database sample, prints and photograph for the local Orange County District Attorney DNA Database with the understanding that my DNA samples will be forensically analyzed and will be permanently retained, along with my DNA profile(s), prints and photograph, all of which will be subject to continual searches, anytime in the future, against other DNA profiles, prints and photographs in any local, state, national or international law enforcement database. I also voluntarily agree to provide sample(s) immediately or, if in custody, within 72 hours of my release. |
| | 30 | PRNUD | Use no unauthorized drugs, narcotics, or controlled substances and submit to drug or narcotic testing as directed by your probation or mandatory supervision officer, or any peace officer. |
| | 31 | PRSAS | Submit your person and property including any residence, premises, container, or vehicle under your control, to search and seizure at any time of the day or night by any law enforcement officer, probation officer, or mandatory supervision officer with or without a warrant, probable cause or reasonable suspicion. |
| | 32 | PRPSY | Cooperate with your probation or mandatory supervision officer in any plan for psychological, psychiatric, alcohol and/or drug treatment. |
| | 33 | PRTSE | Seek training, schooling, or employment and maintain residence as approved by your probation officer. |
| | 34 | PRASA | Do not associate with persons known to you to be parolees, on post-release community supervision, convicted felons, users or sellers of illegal drugs, or otherwise disapproved of by probation or mandatory supervision. |
| | 35 | PRNWP | Do not knowingly own, use, or possess any type of dangerous or deadly weapon. |
| | 36 | PROBY | Obey all orders, rules, and regulations, and directives of the Court, Probation Department, Mandatory Supervision, and Jail. |
| | 37 | PRVNL | Violate no law. |
| | 38 | PRCTO | Comply with all terms of Protective Order. |
| | 39 | PRNOC | Do not have any contact with the person(s) named in the protective order directly, indirectly, or through a third party except an attorney of record. |
| | 40 | PRDTC | Disclose terms and conditions of probation when asked by any law enforcement or probation officer. |
| | 41 | PRCN1 | Anger Management as directed by Probation |
| | 42 | PRSVC | Complete 40 Hours Community Service as directed by Probation Department as to count(s) 2. |
| | 43 | PRPCD | Pay cost of probation or mandatory supervision, according to ability to pay, as directed by your probation or mandatory supervision officer pursuant to Penal Code section 1203.1b. |
| | 44 | PRATC | Defendant accepts terms and conditions of probation. |
| | 45 | ADFRP | Defendant advised that defendant is prohibited from owning, purchasing, receiving, possessing, or having under their custody or control, any firearms, ammunition, and ammunition feeding devices, including but not limited to magazines. Any firearms currently in possession are ordered to be relinquished pursuant to Penal Code 29810. The "Prohibited Persons Relinquishment Form" and supplemental documents provided to defendant. |
| | 46 | PBRPT3 | Case assigned to Probation Department for preparation of Firearms Relinquishment Probation Report. Defendant ordered to comply with Firearms Relinquishment pursuant to Penal Code 29810, by submitting a completed Prohibited Persons Relinquishment Form to the Probation Department. |
| | 47 | CLSET2 | Hearing re: Firearms Relinquishment set on 08/17/2018 at 09:00 AM in Department C28. |
| | 48 | CLTXT | This case assigned to Judge Bromberg for all purposes. |
| | 49 | TEXT | The Court will consider reducing count 2 to a misdemeanor pursuant to 17(b) at a later date. |
| | 50 | PBRPT | Defendant to report to Probation Officer forthwith. |
| | 51 | BLBXN | Court orders bail bond # SV150-4684170 exonerated. |
| | 52 | DOJABS | DOJ Initial Abstract sent. |
| 08/09/2018 | 1 | CPGTO | Certified Copy of Complaint, Information, TAHL and Minute Order mailed to Bureau of Security and Investigative Services. |
| 08/15/2018 | 1 | FIFRPR | Prohibited Persons Relinquishment Form Probation Officers Compliance Report, received and filed. |
| | 2 | FIPPRF | Prohibited Persons Relinquishment Form, received and filed. |
| | 3 | FIFRPRS | Prohibited Persons Relinquishment Form Probation Officers Report - Supporting Documents, received and filed. |
| 08/16/2018 | 1 | HHELD | Hearing held on 08/16/2018 at 09:00:00 AM in Department C28 for Chambers Work. |
| | 2 | OFJUD | Judicial Officer: Steven D. Bromberg, Judge |
| | 3 | OFJA | Clerk: D. Hallas |
| | 4 | APNCR | No Court Reporter present at proceedings. |
| | 5 | APNAP | No appearance by parties. |
| | 6 | CORPR | The court has reviewed the Prohibited Persons Relinquishment Form Probation Officers Report and rules as follows: |
| | 7 | COJFC | Defendant has completed a Prohibited Persons Relinquishment Form and Defendant relinquished all firearms and provided receipts. |
| | 8 | FICFF | Prohibited Persons Relinquishment Form Findings, signed and filed. |
| | 9 | CLVAC2 | Hearing re: Firearms Relinquishment vacated for 08/17/2018 at 09:00 AM in C28. |
| | 10 | NTCSL | Case Processing directed to send notice to defendant/attorney. |
| | 11 | NTDEF | Notice to defendant issued. |

| 08/22/2018 | 1 | CPGTO | Copy of Notice To Defendant, Minute Order and Prohibited Persons Relinquishment Form Findings mailed to Robert K. Weinberg Attorney At Law. |
| | 2 | CPGTO | Copy of Notice To Defendant, Minute Order and Prohibited Persons Relinquishment Form Findings mailed to Defendant. |
| 01/30/2019 | 1 | CLADD | At the request of Court, case calendared on 01/31/19 at 08:30 AM in C60 for PV ARR. |
| | 2 | FI2252 | Petition for Arraignment on Probation Violation filed by Orange County Probation Department pursuant to California Rules of Court, Rule 2.252(a). |
| 01/31/2019 | 1 | TXRNF | Request for booking fees received. |
| | 2 | HHELD | Hearing held on 01/31/2019 at 08:30:00 AM in Department C60 for Probation Violation Arraignment. |
| | 3 | OFJUD | Judicial Officer: Michael Murray, Judge |
| | 4 | OFJA | Clerk: K. Barnstein |
| | 5 | OFBAL | Bailiff: K. M. Spellerberg |
| | 6 | OFREP | Court Reporter: Wendy A Torres |
| | 7 | APDDA | People represented by Robin Park, Deputy District Attorney, present. |
| | 8 | APDWRA | Defendant present in Court with counsel Robert K. Weinberg, Retained Attorney. |
| | 9 | CLCON2 | Probation Violation re: Arraignment continued to 02/07/2019 at 08:30 AM in Department C60 at request of Defense. |
| | 10 | WVTIM | Defendant waives statutory time for Probation Violation. |
| | 11 | DFREM | Defendant remanded to the custody of the Sheriff. |
| | 12 | BLNOB | Court orders bail to remain at NO BAIL. |
| | 13 | NTJAL | Notice to Sheriff issued. |
| | 14 | OFMCD | Minutes entered by S. Herrera on 01/31/2019. |
| 02/07/2019 | 1 | HHELD | Hearing held on 02/07/2019 at 08:30:00 AM in Department C60 for Probation Violation Arraignment. |
| | 2 | OFJUD | Judicial Officer: Michael Murray, Judge |
| | 3 | OFJA | Clerk: K. Barnstein |
| | 4 | OFBAL | Bailiff: C. Streed |
| | 5 | OFREP | Court Reporter: Caryl Axton |
| | 6 | APDDA | People represented by Patricia Shute, Deputy District Attorney, present. |
| | 7 | APSPC | Robert K. Weinberg makes a special appearance for Sheri R Sandecki, Retained Attorney. Defendant present. |
| | 8 | PBREV | Probation ordered revoked as to count(s) 2 based on the following: Petition for Arraignment on Probation Violation filed.. |
| | 9 | CLCON2 | Probation Violation re: Arraignment continued to 02/14/2019 at 08:30 AM in Department C60 at request of Defense. |
| | 10 | WVTIM | Defendant waives statutory time for Probation Violation. |
| | 11 | DFOTR | Defendant ordered to appear. |
| | 12 | DFREM | Defendant remanded to the custody of the Sheriff. |
| | 13 | BLNOB | Court orders bail set at NO BAIL. |
| | 14 | NTJAL | Notice to Sheriff issued. |
| | 15 | OFMCD | Minutes entered by D. Gomez on 02/07/2019. |
| 02/14/2019 | 1 | HHELD | Hearing held on 02/14/2019 at 08:30:00 AM in Department C60 for Probation Violation Arraignment. |
| | 2 | OFJUD | Judicial Officer: Michael Murray, Judge |
| | 3 | OFJA | Clerk: K. Barnstein |
| | 4 | OFBAL | Bailiff: C. Streed |
| | 5 | OFREP | Court Reporter: Kaitlyn Lancaster |
| | 6 | APDDA | People represented by Robin Park, Deputy District Attorney, present. |
| | 7 | APDWRA | Defendant present in Court with counsel Robert K. Weinberg, Retained Attorney. |
| | 8 | ADLCR | Defendant advised of legal and constitutional rights. |
| | 9 | PBADV | Defendant waives right to probation hearing. Defendant admits violation of probation as to count(s) 2. |
| | 10 | FDCVP | Court finds defendant in violation of probation. |
| | 11 | WVPBR | Probation report waived. |
| | 12 | WVAFS | Defendant waives arraignment for sentencing. |
| | 13 | PLRIS | Defendant requests immediate sentencing. |
| | 14 | PLCJN | Counsel joins in waivers and admissions. |
| | 15 | PBRSM | Court orders probation reinstated and modified as to count(s) 2 as follows: |
| | 16 | PRJAL | Serve 180 day(s) Orange County Jail as to count(s) 2. |
| | 17 | ULCTS | Credit for time served: 18 actual, 18 conduct, totaling 36 days pursuant to Day-for-day. |
| | 18 | DFRPT2 | Defendant ordered to report to the Probation Department within 72 hours of release. |
| | 19 | PBTCR | All terms and conditions of probation are to remain the same. |
| | 20 | DFREM | Defendant remanded to the custody of the Sheriff. |
| | 21 | NTJAL | Notice to Sheriff issued. |
| | 22 | OFMCD | Minutes entered by A. Garcia on 02/14/2019. |
| | 23 | DOJABS | DOJ Subsequent Abstract - 40 sent. |

# EXHIBIT B

**TSB Health Inc**

Thomas E.Bell  MS MFT

11858 Bernardo Plaza Ct. #210

San Diego, Ca. 92128

714 273 2780 cell

858 592 1460

858 592 1495 fax

12-9-17

Honorable Judge Bromberg

Central Justice Center

700 Civic Center Drive

Dept. C 28

Santa Ana, Ca. 92701

Attorney of Record

Robert K,Weinberg Esq.

19200 Von Karman, Ste.  380

Irvine, Ca. 92612

Re: Omid Moghadam      **TREATMENT SUMMARY**

DOB: 11-1-89

Case No. 15HF0707

Omid Moghadam  has been receiving weekly psychological services since
10-30-15 at my Newport Beach office . He  attended individual sessions. Both his
wife and Aunt were interviewed as well.  Focus of therapy has been primarily
related to the charges which have been alleged against him. In addition, his family
background, his culture and development since childhood have been essential in
understanding his social behavior.

Mr. Moghadam was receptive, open and amenable to exploring his relevant
personal  history and his behavior toward others.

1

As noted, Mr. Moghadam provided individual and family history, developmental and adolescent history, drug and alcohol use history, educational and occupational history, juvenile and adult criminal history, and marital history.

In addition, the 28 page Case History, dated 12-4-2015 was reviewed and discussed with Mr. Moghadam. The PC422 law regarding "criminal threats" was reviewed.

### 6-28-16  Initial Psychological Report

This report reviewed Mr. Moghadam's family history as it relates to his social behavior and attitude toward others. To say the least, he was fearful, defensive, and socially uncomfortable. Mr. Moghadam developed a demeanor which was judgmental, arrogant and off putting to people he did not know.

He is a tall person and could be perceived as intimidating. He has not behaved in an aggressive manner and did not have a history of same as an adolescent or adult however, others would not know that.

Perhaps, the most telling behavior was his lack of empathy. He felt that it was a weakness to reveal his emotions or be considerate of another's emotions.

His tendency to treat others with sarcasm or "toy" with them or exaggerate his remarks was the way he defended himself from his own vulnerability.

Finally, the gravity of his behavior and the charges against him were downplayed which resulted in a less than serious attitude to correct his behavior.

Underneath this defensive presentation was the fear that the charges were serious and he could go to Jail. He would call periodically between sessions to be assured that that was not going to be his fate. And he would be told, these charges are real and serious and he could go to jail.

### Turning Point

With cases like this, it is my preference to postpone final resolution as long as possible simply because the client needs time to understand what they did, correct it and demonstrate that the behavior change is real.

2

There is rarely any reflection or insight into one's behavior when they are busy trying to hide their vulnerability or behaving in the same ways as they were treated. Mr. Moghadam is no exception. He has behaved in the same judgmental, condescending and arrogant manner as he was treated by his own family.

The longevity of this case has given Mr. Moghadam the necessary time to understand in a very real way that his behavior was wrong and alarming to people who did not know him.

His fear and the voices of those he trusts have been consistent in telling him that he needs to pay attention to what he says to others and how his words could be received by them.

For that last several months, Mr. Moghadam has in fact altered his behavior and his remarks. His demeanor and effect on others, has changed to a pleasant, socially appropriate form.
The receptionists in my office were the first to alert me to his mien and their discomfort. And they were the first to alert me to the dramatic change he has made around them.
One must guard against the prospect that these changes are "person specific" vs general. Mr. Moghadam appears to have made theses changes in a more general way. His recent visit to the assigned Probation Officer should see the same change.

Remarks, I made to him initially have been repeated to me , " you were right….This is serious."

3

Mr. Moghadam has taken responsibility for his behavior in this matter. He has "corrected" the use of the term "Kaffir" for the phrase he actually used, "cap you". It was a remark he did not intend to follow through on.

In the time that this case has taken, Mr. Moghadam has not had any other incidents nor contacts with the police.

He has returned to school to complete his GED and will complete his studies in Computer Technology.

Based on FBI criteria, predictions of future criminal or antisocial behavior rests on evidence of previous criminal or antisocial behavior. Mr. Moghadam has no prior criminal behavior. He has been rude, insensitive and judgemental.

Mr. Moghadam will continue in Individual Psychotherapy as long as he wishes to repair the damage he has done to others and continue his growth.

If asked to testify on Mr. Moghadam's behalf, my remarks would echo these findings.

I offer this Treatment Summary with all due respect to the Court. I do declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on 12-9-17 in San Diego, Ca.

Respectfully,

Electronically signed

Thomas E. Bell MS MFT                    4

# EXHIBIT C

**TSB Health Inc**
Thomas E.Bell  MS MFT
11858 Bernardo Plaza Ct. #210
San Diego, Ca. 92128
714 273 2780 cell
858 592 1460
858 592 1495 fax


7-24-19
ToWhom It May concern:


Attorney of Record
Robert K,Weinberg Esq.
19200 Von Karman, Ste.  380
Irvine, Ca. 92612


Re: Omid Moghadam       **Recent circumstances**
 DOB: 11-1-89
Case No. 15HF0707


Dear Sir or Madam
Robert K. Weinberg Esq.


I am aware that Omid Moghadam has come to the attention of the Court once
more. I know little of his situation at this time. I can relate what I know about him
while in my care.
My experience with Omid following his difficulties with his bank are as follows:
Omid was loud, sarcastic, and distrustful. He was afraid and kept asking for
assurances that nothing was going to happen to him. Assurances ,of course I could
not give him. He was articulate, very emotional and given to wild remarks about
his nationality, politics and just about anyone in authority. The more frightened he
became, the more insulting he became and then he would apologise.

1

It took several weeks for him to settle down and get past all of his distrust and suspicions.  He began relating his personal history, being removed from his home in Iran and his mother's care at age 3 by his father. He was brought to the USA and placed in the care of his aunt, Shokoufeh. His father disappeared and so did his trust for men and authority.

He presented an angry, somewhat intimidating demeanor to the public to the degree that the Secretary in my office was uncomfortable around him. Like a small dog barking at anything bigger than him, Omid tried to keep everyone at bay so he would not be hurt. He had no clue about the purpose of his behavior.

Gradually after all his sarcasm and testing of my agreements to work with him, he became more vulnerable and more revealing. What he didn't tell me, I could guess. That forged a level of trust he seldom had with anyone.

Over the course of months of therapy, Omid began to see how his behavior caused the situation at the bank and how the public reacted to his "off putting" conduct. My Secretary remarked that he seemed to be different as he greeted her and seemed more pleasant.  His anger subsided and he took more responsibility for his choices.

He was less sarcastic with me and made fewer negative remarks. Then the issues with he and Michelle emerged. In particular, the conflicts between Shokoufeh and Michelle became a constant drama. All that Omid could do was to yell at them.

I tried to mediate the conflicts between Omid and Michelle and then between Michelle and Shokoufeh. Michelle has a child from a prior relationship.
  The father of this child sued to get custody because of Omid's charges. Omid was not very skilled in alleviating Michelle's pain or her fears of losing the child she had with Omid.

This added another layer of stress and conflict in this family.

Somehow, they all managed to remain together despite the storms each had struggled with.  Omid was consistently a man whose bark was larger than is bite. I did not discover any place where he actually hurt anyone physically. He had modulated his public behavior to become less offensive.

2

While he didn't like being accountable to the strict terms of the Court and Probation, he seemed to adhere to the limitations and the threat of prison. He is amenable to change and can benefit from further counseling.

Our therapy ended and I did not see him or hear from him until Shokoufeh called me about her and Michelle. I have endeavored to assist Shokoufeh in obtaining custody of their children.

I confess, I am alarmed by the allegations and shocked to hear about the discovery of ammunition in a storage facility. I knew that Omid once had a rifle and that he had disposed of it during our contacts.  I am thankful that his behavior has not led to  harm to anyone.

I did receive one call from Omid while in Federal custody recently. Typically he calls to find out what I think his consequences will be or what will happen next. I had little to say in this brief conversation as I know none of the details nor the allegations.

The landscape in Omid's life  has drastically changed at this point and I have no recommendations until more information is available. I would provide any help that was necessary if asked.

Respectfully

Electronically signed

Thomas E. Bell MS MFT                           3

# EXHIBIT D



B"H

**BETH JACOB**
CONGREGATION OF IRVINE

December 30, 2019

RABBI
Yisroel Ciner

PRESIDENT
Allen Berezovsky

VICE PRESIDENT
Warren Morten

SECRETARY
Sonya Attal

TREASURER
Jacob Levy

BOARD OF TRUSTEES
Anna Berdy
Marda Kahn
Adam Teitcher
Lee Weissman
Ilan Wolf

DIRECTOR OF COMMUNITY
RELATIONS
Beverley Lieberman

ADMINISTRATOR
Monica Faygenov

To the Honorable Judge Wilson of the United States District Court,

I am writing on behalf of Omid Moghadam. I have known Omid for approximately six years and am very fond of him.

Omid recognizes that he let his anger get the best of him and he truly is remorseful. In addition to remorse, he has sought and continues to seek help. I have every reason to believe that Omid is not a terrorist and would never cause harm to others.

Omid's wife, Michelle, and his children, have suffered through this protracted ordeal and are hoping to see the light at the end of the tunnel. Omid takes full responsibility for the difficulties that his actions have caused and wants nothing more than to be able to provide for his family and set life on a healthy, balanced and dependable course for himself and his family. I believe he has growing up to do and I'm sure that this past ordeal has clarified that for him.

He had been active in the community and had truly shown the side of Omid that we are confident will be shown going forward.

My respectful wishes and hopes are that your honor's decision will be one that will allow him to continue to support his family and be there as the husband and father that he has shown himself capable of being.

Respectfully,

*Yisroel Ciner*

Rabbi Yisroel Ciner
rabbic@bethjacobirvine.org
949-786-5230 Ext: 101

3900 Michelson Drive • Irvine • California • 92612 • Phone (949) 786-5230 • FAX (949) 786-5371
E-Mail: bethjacob@bethjacobirvine.org • Website: www.bethjacobirvine.org

Type Page 2 here

LAW OFFICES OF
## ROBERT K. WEINBERG
19200 VON KARMAN AVENUE
SUITE 380
IRVINE, CALIFORNIA 92612

FACSIMILE
(949) 474-8024

EMAIL:
heidirkweinberg@gmail.com

AREA CODE 949
TELEPHONE 474-9700

December 12, 2019
~~October 28, 2019~~

Maytee Zendejas
US Probation Officer
312 N. Spring Street, Suite 600
Los Angeles, CA 90012

RE:   *Omid Moghadam*

Dear Ms. Zendejas,

We have played phone tag repeatedly with little success so I am writing to you in furtherance of your preparation of the pre-sentence report.

I am sure you are aware of the underlying facts and circumstances of the case. I would like to provide some legal and social context.

My client was born in Iran, a US citizen and before his big mouth got him in trouble a few years ago, he was a law abiding fully functional newlywed.

When he walked into a bank branch and acted confrontational with one of the tellers over not having been given a safe deposit box, he unleashed a series of problems that put him in the Metropolitan Detention Center where he is incarcerated today.

Please find enclosed letters of support and a thorough analysis by my client's long time therapist Tom Bell.

My client has paid a heavy price for possessing a can of bullets. He has been incarcerated already for 1 year and now has had to pled guilty to a Federal felony which will hobble his chances for employment in the future. His children have been taken away, his wife has mentally gone off the rails and he is destitute.

His life is in tatters. My client is repeatedly remorseful for his disastrous decision and is committed to return to his life as a law abiding citizen. He has much to live for. His children need a father. The mental condition of his wife is dubious and Mr. Moghadam may end up being all his children have.

I believe that my client has come along way since his incarceration and wish you well in preparing your report.

Very truly yours,

ROBERT K. WEINBERG

RKW:hl

**MARZIEH HADAV, LMSW, LCPSYA**

Psychoanalytic Psychotherapist
80 Fifth Avenue, Suite 1106
New York NY 10011
(516) 660-9427

10 Grace Avenue, Suite 12B
Great Neck, NY 11021
(516) 660-9427

NYS License: 000423
Tax ID # 452738637

To whom it may concern;

I am writing this letter in support of Omid Moghadam's request to go back to his family.

My name is Marzieh Hadavi. I am Omid Moghadam's aunt. I came to the United States in 1976. I am an American citizen and live in New York City. I have a Master of Social work degree (LMSW) from University of Michigan in Ann Arbor, and a post graduate degree in Psychoanalysis from the Center for Modern Psychoanalytic Studies (CMPS) in N.Y. All my professional information can be found on Psychology Today website. I am currently a faculty at CMPS, as well as, a supervisor and Psychoanalyst in private practice.

My nephew Omid was an infant when he came to the United States. My parents and Omid came to New York and stayed with me and my husband for almost one year. Afterwards, they moved to Los Angeles and stayed with my sister, Shokoufeh Moghadam who raised Omid like her own son.

Omid's father was able to join them when Omid was three years old.

During my visits to LA and their visits to NYC over the years my observation was that Omid was a very talented, kind, and cooperative child, and cared about people around him. He was always very creative and loved to show off his work.

I was aware that he had difficulty in high school which upset him a great deal. Despite that he taught himself computer skills.

On several occasions Omid called me and discussed his current legal problems. He always regretted what had happened and took responsibility for his inappropriate verbal statements.

I have confidence that he will work hard to correct his mistake and continue to be a loving father to his wonderful children. I would appreciate if you grant him a chance to reunite with his family.

Sincerely,

Marzeh Hadavi

Marzieh Hadavi, LCPsyA, LMSW

August 14, 2019

**Marc A. Tallent, PhD**
**Clinical Psychologist/Psychoanalyst**
**Professional Suite B**
**51 Fifth Avenue**
**New York, NY 10003**

**(212) 645-5795**

July 31, 2019

To Whom It May Concern:

I am writing in support of the petition requesting clemency for Omid Moghadam. I am both a friend of the family and a psychologist, so my personal observations are informed by a professional perspective.

I have known the Moghadam family for approximately thirty years, when Shokoufeh's sister, Marzieh Hadavi, and I were postgraduate students at the Center for Modern Psychoanalytic Studies in New York City. Marzieh and I are now both faculty members of the same school. I became acquainted with Shokoufeh and her children through Marzieh, and over the years have had the opportunity to get to know her and her family.

The Moghadams were refugees from the Islamic revolution in Iran. They came to the United States in search of a democratic, secular life. In this country they pursued undergraduate and graduate university education. They became professionals in a range of fields and have been productive, contributing members of their communities. They remain strongly opposed to the theocracy of the country they fled.

Omid is a bright person with great potential, but he has been hampered in his efforts at self-actualization by the effects of emotionally damaging life experiences in his early childhood. He was abandoned in infancy by his birth mother and left in the care of his father, who was ill-equipped to raise a child alone. Shokoufeh took Omid into her home and raised him as if he were her own son. Unfortunately, her loving maternal efforts could only go so far in ameliorating the effects of the trauma that Omid suffered in his formative years: He has not been able to work through the pain of being left by his mother and lacking a father who is either sufficiently present or strong enough to be a male role-model. Despite his superior intelligence, Omid has a poor self-concept. He struggled to graduate from high school, eventually earning a GED; he has yet to pursue higher education leading toward a professional career.

A few years ago, Omid married a Jewish woman who is a US military veteran. They have three young children, including an infant. Being a father has taught Omid the importance of responsibility and being a constant presence in his children's lives. He has been exploring the possibility of converting to either Judaism or Christianity. As far as I know, he acknowledges his Muslim heritage but does not practice Islam. To my knowledge, he has no affiliation with any Muslim organizations or Muslim individuals outside his family.

Page 2

The hurt and anger about his abandonment by his mother and neglect by his father has caused Omid to have a deep distrust of authority figures, and he can be irritable and verbally challenging when given a directive. He is very sensitive to criticism, whether real or perceived, and when he feels disrespected he has a tendency to lash out verbally in an impulsive manner, such as responding sarcastically to authority figures, without adequate consideration of the consequences.

To manage his pain and feelings of vulnerability, Omid presents an angry demeanor to the world, but, in my estimation, he is not dangerous. He is prone to speak in a sharp, inappropriate, and at times offensive way, but he is not a violent person. I have no awareness of his ever having acted in a physically harmful way. Though his words can be ill-chosen and overblown, he is all bark and no bite.

The last time I spoke with Omid was a number of years ago, when he sought my guidance concerning his struggle to overcome the challenges of completing his high school requirements. My sense of him at the time was that despite his defensiveness and irritability, his anger was more likely to be internalized and turned against himself in depression and self-defeating behaviors than directed at another. What I have heard about his difficulties of the past several years only reinforces that impression.

Omid is a loving father. His children need his presence and he needs to be with them. I believe that if he is given the opportunity to return home and resume a normal family life, he will continue to grow and find greater stability and peace, realizing his desires to provide for his children and be a contributing member of society.

Sincerely,

*Marc A. Tallent, PhD*

Marc A. Tallent, PhD
Clinical Psychologist

**TSB Health Inc**
**Thomas E.Bell  MS MFT**
**11858 Bernardo Plaza Ct. #210**
**San Diego, Ca. 92128**
**714 273 2780 cell**
**858 592 1460**
**858 592 1495 fax**

**7-24-19**
**To Whom It May concern:**

**Attorney of Record**
**Robert K, Weinberg Esq.**
**19200 Von Karman, Ste.  380**
**Irvine, Ca. 92612**

**Re: Omid Moghadam        Recent circumstances**
 **DOB: 11-1-89**
**Case No. 15HF0707**

**Dear Sir or Madam**
**Robert K. Weinberg Esq.**

**I am aware that Omid Moghadam has come to the attention of the Court once
more. I know little of his situation at this time. I can relate what I know about him
while in my care.**
**My experience with Omid following his difficulties with his bank are as follows:
Omid was loud, sarcastic, and distrustful. He was afraid and kept asking for
assurances that nothing was going to happen to him. Assurances ,of course I could
not give him. He was articulate, very emotional and given to wild remarks about
his nationality, politics and just about anyone in authority. The more frightened he
became, the more insulting he became and then he would apologise.**

1

It took several weeks for him to settle down and get past all of his distrust and suspicions. He began relating his personal history, being removed from his home in Iran and his mother's care at age 3 by his father. He was brought to the USA and placed in the care of his aunt, Shokoufeh. His father disappeared and so did his trust for men and authority.

He presented an angry, somewhat intimidating demeanor to the public to the degree that the Secretary in my office was uncomfortable around him. Like a small dog barking at anything bigger than him, Omid tried to keep everyone at bay so he would not be hurt. He had no clue about the purpose of his behavior.

Gradually after all his sarcasm and testing of my agreements to work with him, he became more vulnerable and more revealing. What he didn't tell me, I could guess. That forged a level of trust he seldom had with anyone.

Over the course of months of therapy, Omid began to see how his behavior caused the situation at the bank and how the public reacted to his "off putting" conduct. My Secretary remarked that he seemed to be different as he greeted her and seemed more pleasant. His anger subsided and he took more responsibility for his choices.

He was less sarcastic with me and made fewer negative remarks. Then the issues with he and Michelle emerged. In particular, the conflicts between Shokoufeh and Michelle became a constant drama. All that Omid could do was to yell at them.

I tried to mediate the conflicts between Omid and Michelle and then between Michelle and Shokoufeh. Michelle has a child from a prior relationship.

The father of this child sued to get custody because of Omid's charges. Omid was not very skilled in alleviating Michelle's pain or her fears of losing the child she had with Omid.

This added another layer of stress and conflict in this family.

Somehow, they all managed to remain together despite the storms each had struggled with. Omid was consistently a man whose bark was larger than is bite. I did not discover any place where he actually hurt anyone physically. He had modulated his public behavior to become less offensive.

2

While he didn't like being accountable to the strict terms of the Court and Probation, he seemed to adhere to the limitations and the threat of prison. He is amenable to change and can benefit from further counseling.

Our therapy ended and I did not see him or hear from him until Shokoufeh called me about her and Michelle. I have endeavored to assist Shokoufeh in obtaining custody of their children.

I confess, I am alarmed by the allegations and shocked to hear about the discovery of ammunition in a storage facility. I knew that Omid once had a rifle and that he had disposed of it during our contacts. I am thankful that his behavior has not led to harm to anyone.

I did receive one call from Omid while in Federal custody recently. Typically he calls to find out what I think his consequences will be or what will happen next. I had little to say in this brief conversation as I know none of the details nor the allegations.

The landscape in Omid's life has drastically changed at this point and I have no recommendations until more information is available. I would provide any help that was necessary if asked.

Respectfully

Electronically signed

Thomas E. Bell MS MFT                          3

Irvine· 2015





Case 3:19-cr-00152-SVW Document 33





El Camino College

Workplace Learning
Resource Center
A service of El Camino College

# CERTIFICATE OF PARTICIPATION

Presented To

## Omid Moghadam

FOR THE SUCCESSFUL COMPLETION OF THE 24-HOUR WORKSHOP

### Parenting Education

Understanding family dynamics; Understanding stages of childhood development: prenatal to adolescence; Positive discipline, versus punishment; Four (4) mistaken goals of behavior, natural & logical consequences and using encouragement; Developing strategies to effectively support children in their education; Encouraging literacy (modeling, expressing interest, etc.); Tutoring and school involvement (advocacy) skills; Family issues: stress management, outside influences- drugs, alcohol; Long termed impact of domestic violence on children and the family unit; Strategies for counteracting negative family consequences resulting from incarceration

Theresa Reed
Program Coordinator / Instructor
December 2, 2019

Invalid without Embossed
ECC WpLRC Logo

El Camino Community College
Workplace Learning Resource Center
Torrance, California 90506
United States of America

```
                    INMATE EDUCATION DATA        *      11-18-2019
                        TRANSCRIPT               *      11:07:59

REGISTER NO: 78035-112    NAME..: MOGHADAM              FUNC: DIS
FORMAT.....: TRANSCRIPT   RSP OF: LOS-LOS ANGELES MDC


----------------------- EDUCATION INFORMATION -----------------------
FACL ASSIGNMENT DESCRIPTION             START DATE/TIME STOP DATE/TIME
LOS  GED UNK   GED STATUS UNKNOWN       04-29-2019 1813 CURRENT


----------------------- EDUCATION COURSES -----------------------
SUB-FACL   DESCRIPTION              START DATE  STOP DATE EVNT AC LV  HRS
LOS M      PARENTING               09-23-2019 CURRENT




G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Tehran - Ircen    1989









U.S.A.
11-1-1990

N.Y.
Nov. 1990



U.S.A.
Christmass 1990





OAKMONT ELEMENTARY
SCHOOL
MRS ATWOOD
ROOM 1
1997 - 1998



OAKMONT
ELEMENTARY
SCHOOL

MRS CARLSON
GRADE 3

1998-1999



N.J. 1990 - 91







Claremont
CA-
Nov. 1992







Claremont - CA







Claremont
CA.








































# Citizenship Award

**This Certifies That**

Omid Moghadam

**is awarded this Certificate for**

Positive Leadership

at

Oakmont Elementary

**Presented this** 26th **day of** Feb. **19** 97

Dr. K. Brinegar

mrs. Wernke

2088—Hammond & Stephens Co. Fremont NE © 1991



# OUTSTANDING

# ACHIEVEMENT

This Certifies That

Omid Moghadam

is awarded this Certificate for

Addition Math skills

at

Oakmont

Presented this __20th__ day of __Dec.__ 19__96__

_Dr. K. Brinegar_        mrs. Wernke

2099  Hammond & Stephens Co., Fremont, Nebr.   1184



# OUTSTANDING

# ACHIEVEMENT

This Certifies That

Omid Moghadam

is awarded this Certificate for

Math

at

Oakmont

Presented this 26th day of NOV. 19 96

Dr. K. Brinegar

Mrs. Wernke

2099 - Hammond & Stephens Co.  Fremont  Nebr.  © 1984



# PRINCIPAL'S AWARD

*This Certifies That*

Omid Moghadam

*is awarded this Certificate for*

Responsibility

*at*

Oakmont Elementary

*Presented this* 26th *day of* March 1997

Dr. K. Brinegar

Mrs. Wernke



Participating in

Oakmont Elementary School

Physical Education

Omid Moghadam

With Full Honors

And All Due Privileges

Dr. K. Brinegar

Dr. Kimberly Brinegar

June 13, 2000

Date

Mrs. Lorenza Martinez



*Omid Moghadam*

## Is Awarded
## Participation
### In The
## Presidential Physical
## Fitness Events

**June 13, 2000**
**Oakmont Elementary**
**School**





# PRINCIPAL'S AWARD

This Certifies That

**Omid Moghadam**

is awarded this Certificate for

Wonderful Improvement in Reading

at

Oakmont Elementary

Presented this 30th day of May 1997

Dr. K. Brinegar

Mrs. Wernke

Expired Passport



Country of Residence:
**USA**

Place of Issue:
**WASHINGTON**

Name & Position of Issuing officer:
**MOSTAFA RAHMANI DIRECTOR**

Holder's Signature:

Observation

جمهوری اسلامی ایران
**ISLAMIC REPUBLIC OF IRAN**

Passport Number: A12244011

Surname: TAGHIZADEH MOGHADAM

Given Name: OMID

Father's Name: JALAL

Date&Place of Birth: 01/11/1989 IRAN
Sex: M

Date of Issue: 05/12/2007

Date of Expiry: 04/12/2012

P<IRN<TAGHIZADEH<MOGHADAM<<OMID<<<<<<<<<<<<<<
A122440119IRN8911012M1212042<<<<<<<<<<<<<<<02













**Done**          11 of 15



1    PROOF OF SERVICE

2    STATE OF CALIFORNIA       )
                               ) ss.
3    COUNTY OF ORANGE:         )

4        I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Law Offices of Robert K.. Weinberg,
5    19200 Von Karman Ave., Suite 380, Irvine, California, 92612, and I am employed in the office at whose direction this service was made.

6

7        On **January 10, 2020,  I** served the foregoing document entitled: **DEFENDANT OMID MOGHADAM'S SENTENCING POSITION BRIEF** on the party(ies) in this action by placing a true copy thereof addressed as follows:

8

9        See attached mailing list

10   **BY MAIL**:

11   __   I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid.
     _X_  As follows: I am "readily familiar" with the firm's practice of collection and processing
12       correspondence for mailing.  Under that practice it would be deposited with U. S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the
13       ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
14       after date of deposit for mailing in affidavit.

15   **BY PERSONAL SERVICE**: By personally delivering copies.

16   **BY OVERNIGHT DELIVERY**:

17   __   I placed such envelope for deposit in a Federal Express repository for service by Federal Express, next business day delivery, with charges thereon fully prepaid.
     __  As follows: I am "readily familiar" with the firm's practice of collection and processing
18       correspondence for mailing via Federal Express.  Under that practice it would be deposited with the Federal Express repository on that same day with charges thereon fully
19       prepaid at Irvine, California, in the ordinary course of business.

20   **BY FACSIMILE**:
     __X   From facsimile machine number (949) 474-8024 to the facsimile number identified
21   above.  The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), I caused the machine to print the record of the
22   transmission.

23       I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

24

25       Executed on **January 10, 2020** at Irvine California.

26   _____
     HEIDI M. LANGSTAFF
27

28

RE:
USA v Omid Moghadam
Case No.: 5:19-CR-00152-SVW

MAILING LIST

For Plaintiff USA

Reema M. El-Amamy, Asst. U.S. Attorney
US ATTORNEYS OFFICE
Terrorism and Export Crimes Secton
312 No Spring Street, 12th Floor
Los Angeles, CA 90012
via email:   Reema.El-Amamy@usdoj.gov

For Probation

Maytee Zendejas
US Probation Officer
312 N. Spring Street, Suite 600
Los Angeles, CA 90012
via: First class mail